Fred G. GANNON, Petitioner,

v.

Robert B. PAYNE, Respondent.

No. C–4521.

Supreme Court of Texas.

March 12, 1986.

Gerard B. Rickey, Pace, Chandler & Rickey, Marvin S. Sloman, Carrington, Coleman, Sloman & Blumenthal, Marc W. Joseph, Carrington, Coleman, Sloman & Blumenthal, Dallas, for petitioner.

Erich F. Klein, Jr., Lyne & Klein, Ron Edmondson, Lyne & Klein, Luke Madole, Bird & Reneker, Dallas, for respondent.

KILGARLIN, Justice.

At issue is whether a party to a pending Texas lawsuit may be enjoined from taking any action in a lawsuit he subsequently filed in a foreign jurisdiction in which some of the same parties and same issues are involved. The trial court granted Robert B. Payne a temporary injunction prohibiting Fred G. Gannon from pursuing a suit in the Court of Queen's Bench, Alberta, Canada. The court of appeals originally held that the trial court had abused its discretion and ordered the temporary injunction be dissolved. However, on rehearing, the court withdrew its earlier opinion and, with one justice dissenting, upheld the temporary injunction. 695 S.W.2d 741. Because of that dissent we have jurisdiction over this cause. *Hajek v. Bill Mowbray Motors, Inc.*, 647 S.W.2d 253 (Tex.1983). We reverse the judgment of the court of appeals and order the injunction dissolved.

The genesis of the current litigation is a joint venture of Gannon and Payne for oil and gas production in Alberta Province. Under their agreement, the two were to share equally in the costs and profits of the venture. Through negotiations with a Canadian corporation, Paddon-Hughes Development Company, Gannon acquired a 50% interest in an oil and gas lease in Canada. For some nineteen distribution payments, between June 1970 and December 1971, Gannon and Payne shared equally in the profits from the oil and gas lease. However, beginning with the twentieth payment, Gannon unilaterally reduced Payne's share of the profits by 5%.

Upon discovering that Gannon had reduced the percentage, Payne sued Gannon in Canada. In the Canadian judgment, dated January 18, 1980, Gannon was ordered to account and pay to Payne any amounts previously deducted from Payne's share of the profits. Following two unsuccessful appeals, the judgment became final against Gannon. On August 30, 1982, Payne again sued Gannon, this time in the Dallas County court that subsequently granted the injunction in question. Approximately two years after Payne filed his Texas suit, Gannon sued for a declaratory judgment in the Canadian court to obtain a ruling on whether some of the matters raised by Payne in the Texas action had already been decided in the prior Canadian suit. Payne then filed his application for a temporary injunction seeking to prohibit Gannon from prosecuting or taking any action in the Canadian suit.

■ The question to be decided by the reviewing court in an appeal of a temporary injunction is whether the trial court abused its discretion in issuing the injunction. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). Whether a Texas trial court may properly enjoin persons subject to its jurisdiction from proceeding with litigation pending in a foreign country is a question of first impression for this court. Clearly, Texas state courts are not ordinarily at liberty to enjoin litigants from proceeding with a suit filed in the federal court system of this nation. In *Donovan v. City of Dallas*, the United States Supreme court held that "state courts are completely without power to restrain federal court proceedings in *in personam* actions." 377 U.S. 408, 413, 84 S.Ct. 1579, 1582, 12 L.Ed.2d 409 (1964). Our Supreme Court recognized that plaintiffs have a right to bring suit in federal court, "a right which is theirs by congressional enactments passed pursuant to congressional policy." *Id.* at 412, 84 S.Ct. at 1582. That court recently reaffirmed *Donovan* in *Moses H. Cone Memorial Hospital v. Mercury Construction Corp.*, 460 U.S. 1, 21 n. 24, 103 S.Ct. 927, 940 n. 24, 74 L.Ed.2d 765 (1983).

■ Texas state courts do have the power to restrain persons from proceeding with suits filed in other courts of this state. The general rule is that when a suit is filed in a court of competent jurisdiction, that court is entitled to proceed to judgment and may protect its jurisdiction by enjoining the parties to a suit subsequently filed in an-

other court of this state. *Cleveland v. Ward,* 116 Tex. 1, 23, 285 S.W. 1063, 1072 (1926); *PPG Industries, Inc. v. Continental Oil Co.,* 492 S.W.2d 297, 299 (Tex.Civ. App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). This same rule applies to suits subsequently filed in the courts of sister states. *Moton v. Hull,* 77 Tex. 80, 13 S.W. 849 (1890); *Gurvich v. Tyree,* 694 S.W.2d 39 (Tex.App.—Corpus Christi 1985, no writ); *PPG Industries, Inc. v. Continental Oil Co.,* 492 S.W.2d 297.

Obviously, anti-suit injunctions prohibiting litigants from proceeding in out-of-state courts necessarily involve two sovereigns with concurrent jurisdiction to decide the controversy. For this reason, the courts of this state have consistently recognized that the power to enjoin proceedings pending in a foreign jurisdiction should be exercised sparingly and only by reason of very special circumstances. *University of Texas v. Morris,* 162 Tex. 60, 64, 344 S.W.2d 426, 429, *cert. denied,* 366 U.S. 973, 81 S.Ct. 1940, 6 L.Ed.2d 1262 (1961); *Gurvich v. Tyree,* 694 S.W.2d at 43; *New Process Steel Corp. v. Steel Corporation of Texas,* 638 S.W.2d 522, 526 (Tex.App.—Houston [1st Dist.] 1982, no writ); *PPG Industries, Inc. v. Continental Oil Co.,* 492 S.W.2d at 300; *Lederle v. United Services Automobile Association,* 394 S.W.2d 31, 34 (Tex. Civ.App.—Waco 1965), *vacated as moot,* 400 S.W.2d 749 (Tex.1966).

When the sovereigns involved are not sister states but a state and a foreign nation, the policy of allowing parallel court proceedings to continue simultaneously requires more scrupulous adherence. Thus, the question presented to this court is not whether the Texas trial court possessed the inherent power to issue such an injunction, but whether the trial court's action was proper and within its discretion. In answering this, we note that cases discussing the propriety of an injunction prohibiting prosecution of an action in a foreign country likewise almost unanimously recognize the caveat of limited use. *See, e.g., Seattle Totems Hockey Club, Inc. v. National Hockey League,* 652 F.2d 852, 855 (9th Cir.1981); *Compagnie des Bauxites de Guinea v. Insurance Company of North America,* 651 F.2d 877, 887 (3rd Cir.1981), *aff'd on other grounds sub. nom. Insurance Corporation of Ireland, Ltd. v. Compagnie des Bauxites de Guinea,* 456 U.S. 694, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982); *Canadian Filters (Harwich) Limited v. Lear-Siegler, Inc.,* 412 F.2d 577, 578 (1st Cir.1969). Ordinarily parallel actions should be allowed to proceed simultaneously. "[O]nly in the most compelling circumstance does a court have discretion to issue an anti-suit injunction." *Laker Airways Limited v. Sabena, Belgian World Airlines,* 731 F.2d 909, 926, 927 (D.C.Cir.1984).

As the issue is not jurisdiction, the propriety of the injunction depends upon what weight we will ascribe to the principle of comity. In *Hilton v. Guyot,* 159 U.S. 113, 163–64, 16 S.Ct. 139, 143, 40 L.Ed. 95 (1895), the United States Supreme Court wrote:

> 'Comity,' in the legal sense, is neither a matter of absolute obligation, on the one hand, nor of mere courtesy and good will, upon the other. But it is the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protection of its laws.

In Texas, comity has been described as "a principle of mutual convenience whereby one state or jurisdiction will give effect to the laws and judicial decisions of another." *New Process Steel Corp. v. Steel Corporation of Texas,* 638 S.W.2d at 524.

No state or nation can demand that its laws have effect beyond the limits of its sovereignty. *Hilton v. Guyot,* 159 U.S. at 163, 16 S.Ct. at 143; *Laker Airways v. Sabena, Belgian World Airlines,* 731 F.2d at 937. Only comity can compel courts to act in a manner designed to advance the rule of law among and between nations. An anti-suit injunction necessarily restricts a foreign court's ability to exercise its jurisdiction. The foreign court cannot be com-

pelled to recognize such an injunction, and if it responds by issuing a similar injunction, no party may be able to obtain a remedy. *Laker Airways v. Sabena, Belgian World Airlines*, 731 F.2d at 927.

There are no precise guidelines for determining the appropriateness of an anti-suit injunction or for deciding whether comity should be invoked. The circumstances of each situation must be carefully examined to determine whether the injunction is required to prevent an irreparable miscarriage of justice. *Id.* Some courts have issued anti-suit injunctions to protect their own jurisdiction or to prevent evasion of important public policies of the forum nation. *Laker Airways v. Sabena, Belgian World Airlines*, 731 F.2d 909. Other courts have enjoined the prosecution of foreign actions to prevent a multiplicity of suits or to protect a party from vexatious or harassing litigation. *Seattle Totems Hockey Club, Inc. v. National Hockey League*, 652 F.2d 852; *Bethell v. Peace*, 441 F.2d 495 (5th Cir.1971).

In our case, the trial court did not find and Payne does not allege that Gannon attempted to subvert an important public policy of this state by filing his suit in Canada. In its order granting Payne's requested temporary injunction, the trial court specifically found: (1) the primary purpose of the Canadian action was to interfere with the processes and jurisdiction of the Texas court; (2) Payne had incurred costs of $24,000 in prosecuting the Texas action which would be wasted if the temporary injunction were not granted; (3) a multiplicity of suits would result without the temporary injunction; (4) Gannon's action altered the status quo; and (5) the two suits presented a risk of inconsistent judgments.

In his pleading filed in the Canadian court, Gannon requested "A Judgment, Order or Declaration permanently enjoining Payne from suing the Plaintiffs." However, in an amended motion to stay proceedings in the Texas court, Gannon stipulated that he would eliminate his request for injunctive relief in the Canadian suit.

The Texas trial court could have delayed issuing its injunction and allowed Gannon an opportunity to comply with this stipulation. In any case, the trial court could have more narrowly drawn its injunction to permit proceedings that were not inconsistent with its continued jurisdiction. *See Laker Airways v. Sabena, Belgian World Airlines*, 731 F.2d at 930. Moreover, there is no evidence the Canadian court has attempted to carve out exclusive jurisdiction in this case. We must rely on the court system of a sister common law jurisdiction to recognize the same rule of comity we now apply.

The trial court's concerns about a multiplicity of suits and a risk of inconsistent judgments do not support this anti-suit injunction. As noted, some courts have upheld the issuance of an anti-suit injunction on these grounds. However, if the principle of comity is to have any application, a single parallel proceeding filed in a party's home country cannot justify issuing an anti-suit injunction. *Id.* at 928; *Compagnie des Bauxites de Guinea v. Insurance Company of North America*, 651 F.2d at 887. Likewise, the possibility of inconsistent judgments does not justify an injunction. Once a final judgment is reached in one of the actions, the second forum is usually obliged to respect the prior adjudication under the rules regarding the enforcement of foreign judgments. Thus, even if both proceedings continue, there should be only one judgment recognized in both forums. *Laker Airways v. Sabena, Belgian World Airlines*, 731 F.2d at 929.

There is no indication that the Canadian suit is vexatious or harassing. The trial court found that Payne had incurred costs of $24,000 in prosecuting the Texas action, and if the injunction were not granted, those expenses would be wasted and additional expenses incurred. However, Payne's expenses in prosecuting the Texas action are not wasted when the Canadian and Texas actions are allowed to proceed simultaneously. Moreover, that further expenses will be incurred by Payne is not a

sufficient reason to grant an anti-suit injunction. If additional expense were a sufficient reason for granting an injunction, an injunction would be proper in every case. *Id.* at 928; *Compagnie des Bauxites de Guinea v. Insurance Company of North America,* 651 F.2d at 887; *Fleeger v. Clarkson Company, Ltd.,* 86 F.R.D. 388, 392 (N.D.Tex.1980).

Only in exceptional situations should a trial court issue an injunction prohibiting a foreign citizen from prosecuting an action in his home country. Those circumstances do not exist here. This is especially so because prior litigation between Gannon and Payne occurred in Canada, and the issues of the prior Canadian suit and the Texas action are similar. Respect for the principle of comity compels us to conclude that the trial court abused its discretion in granting the temporary injunction. Accordingly, we reverse the judgment of the court of appeals and order the temporary injunction dissolved.