C. Diane CHRISTENSEN et al., Petitioners,

v.

INTEGRITY INSURANCE COMPANY, Respondent.

No. C–5318.

Supreme Court of Texas.

Oct. 29, 1986.

Richard A. Schwartz, and Fred Wahrlich (Thelen, Marrin, Johnson & Bridges), Houston, for petitioners.

William J. Eggleston and Thomas B. Taylor (Taylor, Eggleston & Godwin), Houston, for respondent.

HILL, Chief Justice.

This case requires us to decide whether the trial court abused its discretion when it temporarily enjoined C. Diane Christensen and the other petitioners from proceeding with a California lawsuit. The Harris

County District Court granted Integrity Insurance Company a temporary injunction prohibiting Christensen, Manzanita Management Corporation, and Allen D. Christensen, as Trustee of the Allen D. Christensen Family Trust, from pursuing a lawsuit against Integrity and numerous other defendants in the California Superior Court. The court of appeals, with one justice dissenting, held that the trial court did not abuse its discretion. 709 S.W.2d 724. Because of the dissent, we have jurisdiction over this cause. *Gannon v. Payne*, 706 S.W.2d 304, 305 (Tex.1986). We hold that the trial court did abuse its discretion and reverse the judgment of the court of appeals and order the injunction dissolved.

This litigation arose out of the settlement of Christensen's insurance claim against Integrity for damages to the Townlake Village Apartments, located in Baytown, Texas. The apartments sustained extensive damage in August 1983 when Hurricane Alicia struck the Texas coast. The apartments were owned by Christensen, a California resident; managed by Manzanita Management Corporation, a California corporation; [1] and insured under an "all-risks" policy by Integrity, a New Jersey corporation. M.T.S., a California partnership and Integrity's managing agent, issued the policy in California. The policy was delivered to Christensen through Sherwood Insurance Service and Thompkins & Company, California insurance brokers and agents.

After receiving notice of the loss, M.T.S. retained GAB, a California corporation, to adjust the claim. GAB sent W.L. Mercer, a California resident, to Baytown, Texas to adjust the loss. Mercer hired Harrison Construction & Lumber Company, a Texas corporation, to estimate the cost of repairing the complex. Harrison Construction sent W.W. Trammell to prepare the estimate. The adjuster, Mercer, reduced Trammell's estimate in several respects,

and then recommended that Christensen honor the estimate. Later, Mercer met in California with Manzanita's president, William Benevento, and representatives of Sherwood and Thompkins & Company to discuss settlement of the claim. After the meeting, Mercer authorized Manzanita to begin repairing the property. In November, Christensen contracted with Harrison Construction & Lumber Company to do the repairs. As of January 31, 1984, Integrity had paid Christensen over $3.5 million on the hurricane claim.

Meanwhile, in December 1983, the apartments sustained new damage as the result of a severe freeze. Integrity again engaged GAB to adjust the claim and GAB again dispatched Mercer to Texas to handle the adjustment. Integrity and Christensen engaged in settlement discussions concerning both the freeze claim and the hurricane claim that continued into the spring of 1984. In March, representatives of Integrity and M.T.S. met to consider their course of action on the claims, and on April 12, 1984, Integrity filed suit in Texas. Integrity continued, however, to engage in the California settlement discussions until Christensen learned of the Texas lawsuit on April 17. Integrity's Texas lawsuit named as defendants the Allen D. Christensen Family Trust; Christensen, d/b/a/ Manzanita Management Corporation; Manzanita; Benevento; GAB; Mercer; Harrison Construction and its president, Ray T. Harrison; Starnes Group, Inc.; and Thomas H. Stovall.[2] Integrity asserted that the defendants had caused it to substantially overpay Christensen's hurricane claim. Integrity sought declaratory relief and alleged causes of action for (1) breach of fiduciary duty, due to negligent and intentional misrepresentation, (2) breach of warranty for failure to protect the premises, (3) fraud and conspiracy to commit fraud,

---

1. The court of appeals incorrectly described Manzanita as a Texas corporation. 709 S.W.2d at 732.

2. Starnes Group, Inc. is an architectural firm incorporated in Texas that performed services

for Christensen in connection with the apartment repairs. Stovall was an employee of the firm. The Allen D. Christensen Family Trust has no interest in the Townlake Village Apartments.

and (4) negligent adjustment and estimation.

On April 18, 1984 Christensen and Manzanita filed suit in California. Their lawsuit named as defendants Integrity, M.T.S., GAB, Sherwood, John J. Bado, Nancy A. Cooper, John Matukas, Ernest Teleford, Gerald J. Sullivan, Jean Osborne, Olga Peters, W.L. Mercer, and John Does 1 through 45.[3] The California suit asked for declaratory relief and alleged causes of action for breach of contract, fraud, negligent misrepresentation, unfair claims settlement practices, and breach of a covenant of good faith and fair dealing. On May 18, 1984, Integrity and M.T.S. filed a motion in the California court to dismiss or stay the proceedings on the grounds of forum non conveniens. The California court overruled the motion in September 1984, and the California Court of Appeals affirmed the trial court's ruling.

In early February 1985, GAB and Integrity each applied to the Harris County District Court for a temporary restraining order and injunction prohibiting Christensen from proceeding with the California case. The Texas court granted the temporary restraining order and, after a hearing, granted Integrity's application for a temporary injunction.

 In reviewing a temporary injunction, we must determine whether the trial court abused its discretion in issuing the injunction. *Iranian Muslim Organization v. City of San Antonio*, 615 S.W.2d 202, 208 (Tex.1981). No question exists that Texas courts are empowered to issue injunctions to prevent parties from going forward with litigation in a sister state. *Moton v. Hull*, 77 Tex. 80, 13 S.W. 849 (1890). The principle of comity, however, requires that courts exercise this equitable power sparingly, and only in very special circumstances. *Gannon v. Payne*, 706 S.W.2d at 306. A party seeking to enjoin an out-of-state lawsuit must show that a clear equity demands the Texas court's intervention.

*New Process Steel Corp. v. Steel Corp. of Texas*, 638 S.W.2d 522, 526 (Tex.App.—Houston [1st Dist.] 1982, no writ); *PPG Industries, Inc. v. Continental Oil Co.*, 492 S.W.2d 297, 300 (Tex.Civ.App.—Houston [1st Dist.] 1973, writ ref'd n.r.e.). Christensen contends that Integrity failed to demonstrate that a clear equity is present in this case. We agree.

 An anti-suit injunction may be justified when the injunction will prevent a multiplicity of suits or will protect a party from vexatious or harassing litigation. *University of Texas v. Morris*, 162 Tex. 60, 62, 344 S.W.2d 426, 428 (Tex.1961), *cert. den.*, 366 U.S. 973, 81 S.Ct. 1940, 6 L.Ed.2d 1262. A single parallel proceeding in a foreign forum, however, does not constitute a multiplicity nor does it, in itself create a clear equity justifying an anti-suit injunction. *See Gannon v. Payne*, 706 S.W.2d at 307; *University of Texas v. Morris*, 344 S.W.2d at 428. While both proceedings here undoubtedly concern the same general subject matter, Christensen's California lawsuit raises issues and involves parties that differ from those in the Texas litigation. Moreover, there is no indication that Christensen filed suit for purposes of vexation or harassment.

Integrity maintains that the trial court properly enjoined the parties from participating in the California suit because Christensen failed to prove that Texas was not a convenient forum in which to try Integrity's suit. If Christensen were attempting to prevent Integrity from proceeding with the Texas litigation, this argument might be relevant, but such is not the case: Christensen only asks this court to allow both lawsuits to go forward. The only question before us is whether the trial court abused its discretion in enjoining the California lawsuit.

 The totality of circumstances shown in this record negates any possibility that a clear equity justified the Texas trial court's intervention in the California proceedings.

---

**3.** Matukas, Teleford, and Sullivan are the owners of M.T.S. Osborne and Peters are claims managers for M.T.S. and Sherwood, respectively. All are in California. Cooper is a senior claims manager for Integrity and Bado is a vice president; both are New Jersey residents.

Nothing in this record persuades us that both of these lawsuits cannot be allowed to proceed simultaneously, as they ordinarily should. *Gannon v. Payne*, 706 S.W.2d at 306. Accordingly, we hold that the trial court abused its discretion in temporarily enjoining Christensen and the other petitioners from going forward with the California lawsuit. We therefore reverse the court of appeals' judgment and dissolve the temporary injunction.