**GOLDEN RULE INSURANCE COMPANY, Petitioner**

v.

**Todd HARPER, Respondent.**

No. 95–1148.

Supreme Court of Texas.

July 8, 1996.

Rehearing Overruled Aug. 16, 1996.

**650**

Michael B. Wallace, Jackson, MS, Kent E. Westmoreland, Malinda York Crouch, Houston, Judy L. Burnthorn, Michael W. Boleware, New Orleans, LA, for Petitioner.

John W. Tavormina, John L. Russell, David J. Mullican, Jr., Houston, for Respondent.

## OPINION

PER CURIAM.

In this case we determine whether the court of appeals correctly affirmed an antisuit injunction on the basis that the enjoined suit was vexatious and brought to harass. 905 S.W.2d 804. Based on our decisions in *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161 (Tex.1986), and *Gannon v. Payne*, 706 S.W.2d 304 (Tex.1986), we reverse the judgment of the court of appeals and dissolve the injunction.

Mary Harper died of cancer in December 1993, after receiving treatment at M.D. Anderson Cancer Center in Houston. Todd and Mary Harper had a medical insurance policy issued by Golden Rule Insurance Company, but Golden Rule declined to pay benefits for some of Mrs. Harper's treatments because of a clause in the policy excluding treatments deemed experimental, investigational or for research purposes. At the behest of his medical creditors, Mr. Harper brought suit against Golden Rule in Harris County district court to recover the expenses incurred in treating Mrs. Harper.

Golden Rule first sought to transfer venue from Harris to Dallas County. It claimed that venue was improper in Harris County because the cause of action did not occur there, while it was proper in Dallas County because Golden Rule maintained an agent there. When Harper opposed the motion, Golden Rule withdrew it, proceeding instead to file a declaratory judgment action in Illinois, where Harper resides and the policy was issued. Harper countered by seeking and obtaining a temporary injunction against the Illinois action from the Harris County court.

Golden Rule appealed the temporary injunction to the court of appeals, TEX. CIV. PRAC. & REM.CODE § 51.014(4), which affirmed, with one justice dissenting. Golden

Rule then sought writ of error from this Court because of the dissent in the court of appeals and an asserted conflict with prior Supreme Court precedents.

 The principle of comity requires that courts exercise the power to enjoin foreign suits "sparingly, and only in very special circumstances." *Christensen*, 719 S.W.2d at 163; *Gannon*, 706 S.W.2d at 306. An anti-suit injunction is appropriate in four instances: 1) to address a threat to the court's jurisdiction; 2) to prevent the evasion of important public policy; 3) to prevent a multiplicity of suits; or 4) to protect a party from vexatious or harassing litigation. *Gannon*, 706 S.W.2d at 307. The party seeking the injunction must show that "a clear equity demands" the injunction. *Christensen*, 719 S.W.2d at 163. "A single parallel proceeding in a foreign forum, however, does not constitute a multiplicity nor does it, in itself create a clear equity justifying an anti-suit injunction." *Id. See also Gannon*, 706 S.W.2d at 307.

 The court of appeals did not hold that this case fits squarely within one of *Christensen*'s four categories. Instead, it held that "the trial court did not abuse its discretion ... based on the totality of the circumstances reflected in the record." 905 S.W.2d at 808. Reasoning that "it is always difficult to demonstrate that a party brought a suit to harass," the court looked to the direct and circumstantial evidence in the case to infer that Golden Rule intended to harass Harper. 905 S.W.2d at 807. In this regard, the court noted that there had been no race to the courthouse by these parties. Thus, it was significant to the court that Harper, as an individual plaintiff with limited resources, chose to file in Harris County, where all his expert witnesses are located. The court of appeals also pointed out that Golden Rule had attempted to change venue to another Texas county before filing suit in Illinois. *Id.* at 807–08.

As the dissenting justice noted, however, these circumstances "amount to nothing more than the added inconvenience and expense which are common to and largely inevitable in, situations involving a single parallel lawsuit." *Id.* at 811. Therefore, they cannot justify an injunction without eliminating *Christensen*'s rule that anti-suit injunctions require "very special circumstances." *Christensen*, 719 S.W.2d at 163. We agree.

The court of appeals next noted that "the declaratory judgment action only consisted of the defensive issues" in the Texas suit, making the pending Texas and Illinois suits "mirror images." *Id.* at 808. The court then reasoned that:

> When "mirror image" issues are presented, "the havoc which can be produced by disparate proceedings, ... the waste and duplication (or triplication) of judicial trial and appellate resources, and the ease with which this can be avoided," weigh in favor of an anti-suit injunction.

*Id.* at 808 (quoting in part from *Admiral Ins. Co. v. Atchison, Topeka & Santa Fe Ry.*, 848 S.W.2d 251, 255 (Tex.App.—Fort Worth 1993, writ denied)).

This reasoning is not supported by our decisions. In *Gannon*, we did not accept the argument that pursuing a declaratory judgment action in a Canadian court on issues that could have been brought as defenses in the first filed Texas proceeding was a waste of resources, let alone that such additional expense would justify an injunction against the Canadian proceedings. *Gannon*, 706 S.W.2d at 307–08. Nor did we agree that the risk of inconsistent judgments was a significant one, since "the second forum is usually obliged to respect the prior adjudication ...," so that "even if both proceedings continue, there should be only one judgment recognized in both forums." *Id.*

Moreover, we have never accepted the notion that a mirror image proceeding is sufficiently different from an ordinary single parallel proceeding to justify an injunction. We reject the implicit distinction of the court below between single parallel proceedings and mirror image proceedings, and we disapprove the language of *Admiral Ins.*, 848 S.W.2d at 256, to the extent that it offers such a rationale. This approach fails to give adequate weight to the principle of comity and threatens to allow the exception to swallow the rule. As we have said before, "if the principle of comity is to have any application,

a single parallel proceeding ... cannot justify issuing an anti-suit injunction." *Gannon*, 706 S.W.2d at 307. Such a suit must be allowed to proceed absent some other circumstances which render an injunction necessary "to prevent an irreparable miscarriage of justice." *Id.* Merely because the suits present identical issues does not make their proceeding an "irreparable miscarriage of justice."

Accordingly, pursuant to TEX.R.APP. P. 170 and without hearing oral argument, we grant the application for writ of error, reverse the judgment of the court of appeals, and dissolve the injunction.