COURT
OF APPEALS

 

                   THIRTEENTH DISTRICT OF TEXAS

 

                                CORPUS CHRISTI

 

 

                                   NUMBER
13-02-138-CV

 

IN
RE: HARVEY B. DAWSON,                                                    Relator.

 

 

                                   NUMBER
13-01-812-CV

 

HARVEY
B. DAWSON,                                                          Appellant,

 

                                                   v.

 

PATRICIA
DAWSON,                                                              Appellee.

 

               On petition for writ of mandamus
and on appeal from 

                the 107th District Court of
Cameron County, Texas.

 

 

                                   O P I N I O N

 

          Before Chief Justice Valdez and
Justices Yañez and Castillo

                                   Opinion by
Justice Yañez

 








In this
consolidated proceeding, appellant, Harvey B. Dawson, complains of the trial
court=s order
granting the special appearance of appellee, Patricia Ann Dawson.  We deny appellant=s request for
writ of mandamus and injunctive relief, and affirm the trial court=s judgment.

                                                   BACKGROUND








Appellant and
appellee were married in Minnesota in 1964. 
Beginning in 1985, the parties began spending several months each year,
during the fall and winter, at a vacation home in Cameron County, Texas.  There was conflicting evidence as to when the
parties ceased living together and where they resided.  Appellant alleges that some time in 1996, he
relocated to Cameron County.  Appellee,
on the other hand, testified that she and appellant lived together in
Minnesota, as husband and wife, until September 14, 2000.  In June of 2000, appellant filed for divorce
in Cameron County, but then non-suited the case in February 2001.  On March 7, 2001, appellant again filed a
petition for divorce, but did not request the issuance of citation for service
on appellee.  On March 26, 2001, appellee
filed for divorce in Minnesota. 
Appellant was served with the notice of the Minnesota divorce on April
9, 2001.  Thereafter, appellant requested
issuance of citation in the Cameron County divorce and served appellee on April
30, 2001.  Appellant filed an answer and
counter-petition for divorce in the Minnesota action, wherein he sought
dismissal of the case for lack of jurisdiction, but also sought affirmative
relief from the Minnesota court.  
Meanwhile, in the Cameron County divorce action, appellee filed a
special appearance, arguing that the Texas courts had no personal jurisdiction
over her.  The trial court heard appellee=s special
appearance and granted same.  An order
was signed by the trial court granting appellee=s special appearance and dismissing the
Cameron County divorce action because of lack of personal jurisdiction.  Appellant appeals from the grant of the
special appearance and dismissal.  In a
separate original proceeding, appellant also requests that this Court issue a
writ of mandamus and/or writ of injunction, to prevent appellee from
prosecuting her Minnesota divorce action. 


After
considering the briefs and filings of both parties, we have determined that
oral argument would not significantly aid the Court in determining the legal
and factual issues presented in this appeal. 
Tex. R. App. P. 39.8.

                                REQUEST FOR
EXTRAORDINARY RELIEF

Appellant
requests that this Court issue a writ of mandamus and/or writ of injunction to
prohibit appellee from maintaining the Minnesota divorce.  Appellant argues that there is no adequate
remedy at law to protect him from a multiplicity of suits between the same parties
concerning the same issues.  Appellant
further argues that if the Minnesota divorce is allowed to proceed forward,
then this Court will be divested of jurisdiction.








Generally,
mandamus will issue only to correct a clear abuse of discretion or violation of
a duty imposed by law when there is no adequate remedy by appeal. Walker v.
Packer, 827 S.W.2d 833, 840 (Tex.1992) (orig. proceeding).  A court of appeals may issue a writ of
mandamus or any other writ necessary to enforce its jurisdiction and to prevent
the trial court from interfering with its judgments.  See Tex. Gov't Code Ann. ' 22.221(a)
(Vernon Supp. 2002); In re Johnson, 961 S.W.2d 478, 481 (Tex. App.BCorpus Christi
1997, orig. proceeding).  However, the
principle of comity dictates that courts exercise the power to enjoin foreign
suits Asparingly, and
only in very special circumstances.@  Christensen v. Integrity Ins. Co., 719
S.W.2d 161, 163 (Tex. 1986); Gannon v. Payne, 706 S.W.2d 304, 306 (Tex.
1986).  An anti-suit injunction is
appropriate in four situations: 1) to address a threat to the court's
jurisdiction; 2) to prevent the evasion of important public policy; 3) to
prevent a multiplicity of suits; or 4) to protect a party from vexatious or
harassing litigation.  Gannon,
706 S.W.2d at 307.  The party requesting
the anti-suit injunction must show that Aa clear equity
demands@ the
injunction.  Christensen, 719
S.W.2d at 163.  AA single
parallel proceeding in a foreign forum, however, does not constitute a
multiplicity nor does it, in itself create a clear equity justifying an
anti-suit injunction.@  Id.; see also Gannon, 706
S.W.2d at 307.  Such a parallel
proceeding will be allowed to proceed absent some other circumstances which
render an injunction necessary Ato prevent an
irreparable miscarriage of justice.@  Christensen,
719 S.W.2d at 163.  The mere
fact that two suits present identical issues does not make their proceeding an Airreparable
miscarriage of justice.@  Golden Rule Ins. Co. v. Harper, 925
S.W.2d 649, 652 (Tex. 1996).

Appellant
contends it would be financially burdensome to allow both the Minnesota and the
Texas cases to proceed forward to resolution. 
However, appellant fails to demonstrate how his financial burden in the
present case justifies an anti-suit injunction. 
As previously noted, a single parallel proceeding in a foreign forum
does not, in itself, create a clear equity justifying an anti-suit injunction.  Christensen, 719 S.W.2d at
163.  Accordingly, we hold that appellant
has failed to demonstrate any circumstances that would constitute an
irreparable miscarriage of justice in the present case.  Appellant=s request for mandamus and injunctive
relief is denied.

                                      ISSUES
PRESENTED ON APPEAL

                                             SPECIAL
APPEARANCE

 








In Texas,
personal jurisdiction is challenged through the filing of a special
appearance.  Tex. R. Civ. P. 120a(1). 
A special appearance is determined by reference to the pleadings, any
stipulations made by and between the parties, any affidavits and attachments
filed by the parties, discovery, and any oral testimony.  Tex.
R. Civ. P. 120a(3).

The existence
of personal jurisdiction is a question of law, but proper exercise of that
jurisdiction is sometimes preceded by resolution of underlying factual
disputes.  BMC Software Belgium, N.V.
v. Marchand, 45 Tex. Sup. Ct. J. 930, 2002 Tex. LEXIS 103, at *6 (June 27,
2002); Frank A. Smith Sales, Inc. v. Atl. Aero, Inc., 31 S.W.3d 742, 746
(Tex. App.BCorpus Christi
2000, no pet.).  The standard of review
of a trial court's resolution of facts in an appeal from a trial court=s order on a
special appearance is by an ordinary Asufficiency of
the evidence@ review.  BMC Software Belgium, 2002 Tex. LEXIS
103, at *6; Happy Indus. Corp. v. Am. Specialties, Inc., 983 S.W.2d 844,
847 (Tex. App.BCorpus Christi
1998, pet. dism'd w.o.j.).  An appellate
court must review all of the evidence before the trial court on the question of
jurisdiction.  Happy Indus.
Corp., 983 S.W.2d at 847;  Hotel
Partners v. KPMG Peat Marwick, 847 S.W.2d 630, 632 (Tex. App.BDallas 1993,
pet. denied).  The appellate court
reviews the trial court's application of law de novo.  Frank S. Smith Sales, Inc., 31
S.W.3d at 746.

In issues one
and two, appellant argues that the trial court erred in granting appellee=s special
appearance because appellee failed to present evidence concerning the factual
elements necessary for the granting of a special appearance, and because
appellee failed to negate each issue presented by appellant establishing
sufficient minimum contacts.








Appellant, as
the petitioner in the trial court, had the initial burden of pleading
sufficient allegations to bring appellee within the trial court=s
jurisdiction.  Tex. Fam. Code Ann. ' 6.305 (Vernon
1998); McKanna
v. Edgar, 388 S.W.2d 927, 930 (Tex. 1965); M.G.M. Grand
Hotel, Inc. v. Castro, 8 S.W.3d 403, 408 n.2 (Tex. App.BCorpus Christi
1999, no pet.).  However, failure by a
plaintiff to make jurisdictional allegations is not subject to attack by the
specially appearing defendant. See Kawasaki Steel Corp. v. Middleton, 699 S.W.2d
199, 202 (Tex. 1985).  Appellee, the
nonresident respondent, then had the burden to negate all bases of personal
jurisdiction at the special appearance hearing. 
Zac
Smith & Co. v. Otis Elevator Co., 734 S.W.2d 662, 664 (Tex.
1987); Kawasaki
Steel Corp., 699 S.W.2d at 203; Siskind v. Villa Found. for Educ., Inc.,
642 S.W.2d 434, 438 (Tex. 1982).  Without
jurisdictional allegations by the plaintiff that the defendant has committed
any act in Texas, the defendant can meet its burden of negating all potential
bases of jurisdiction by presenting evidence that it is a nonresident. Siskind,
642 S.W.2d at 438; Frank S. Smith Sales, Inc., 31 S.W.3d at 746; M.G.M. Grand,
8 S.W.3d at 408 n.2.

In the present
case, appellant failed to plead any allegations that would bring appellee
within the trial court=s
jurisdiction.  At the hearing on appellee=s special
appearance, appellee offered into evidence a sworn affidavit wherein she stated
that she is a resident of the state of Minnesota.  Accordingly, we conclude that appellee
presented evidence that she was a nonresident of Texas, and thereby, met her
burden of negating all bases of jurisdiction.  
Appellant=s first and
second issues are overruled.








In issue three,
appellant argues that the trial court erred in dismissing the present action
because the court maintains jurisdiction over the Texas resident and the
divorce itself.  

Although
appellant=s argument in
support of this issue is not clear, as he combines his arguments in support of
his first three issues, we interpret appellant=s argument as meaning that the trial court
should not have dismissed this action, but rather should have exercised
jurisdiction over appellant and the marital property located in Texas, pursuant
to section 6.308 of the Texas Family Code. 
See Tex. Fam. Code Ann.
' 6.308 (Vernon
1998).

Section 6.308
reads as follows:

 

' 6.308.
Exercising Partial Jurisdiction 

 

(a) A court in
which a suit for dissolution of a marriage is filed may exercise its
jurisdiction over those portions of the suit for which it has authority. 

 

(b) The court's
authority to resolve the issues in controversy between the parties may be
restricted because the court lacks:

 

(1) the
required personal jurisdiction over a nonresident party in a suit for
dissolution of the marriage; 

 

(2)
the required jurisdiction under Chapter 152; or 

 

(3) the required jurisdiction under Chapter 159.








Id.  We recognize that section 6.308 allows the
trial court to exercise partial jurisdiction over those portions of the suit
for which it has authority.  However, the
language of the statute is discretionary, not mandatory. See
Tex. Gov't Code Ann. ' 311.016 (1)
(Vernon 1998); Boots v. Lopez, 6 S.W.3d 292, 295 (Tex. App.BHouston [14th
Dist.] 1999, pet. denied).  The statute
provides that the trial court may exercise its jurisdiction.  See Tex. Fam. Code Ann. ' 6.308 (a)
(Vernon 1998).  Thus, it was within the
trial court's discretion whether to exercise partial jurisdiction over this
case.  Boots, 6 S.W.3d at
295.  Appellant has failed to show that
the trial court abused its discretion by failing to exercise its jurisdiction
over the case.   Appellant=s third issue
is overruled.

                         FINDINGS OF FACT AND
CONCLUSIONS OF LAW

By
issues four through twenty-six, appellant challenges the majority of the trial
court=s findings of
fact and conclusions of law, generally attacking the legal sufficiency of the
evidence to support each of the findings,[1]
and arguing that the conclusions are erroneous.

A
trial court's findings of fact are reviewable for legal sufficiency of the
evidence by the same standard that is applied in reviewing evidence supporting
a jury's answer.  Catalina v. Blasdel,
881 S.W.2d 295, 297 (Tex. 1994); Soto v. Sea-Road Int=l, Inc., 942 S.W.2d
67, 71 (Tex. App.BCorpus Christi
1997, writ denied).  In reviewing a Ano-evidence@ challenge,
this Court may consider only the evidence and inferences that tend to support
the challenged findings and we will disregard all evidence and inferences to
the contrary.  Catalina, 881
S.W.2d at 297; Soto, 942 S.W.2d at 71. 
When there is more than a scintilla of evidence to support the findings,
the Ano evidence@ challenge must
be overruled.  BMC Software Belgium,
2002 Tex. LEXIS 103, at *9; Sherman v. First Nat=l Bank, 760 S.W.2d
240, 242 (Tex. 1988).








A
trial court's conclusions of law are not binding on this Court, and we are free
to make our own legal conclusions.  Harlingen
Irrigation Dist. Cameron County No. 1 v. Caprock Comm. Corp., 49 S.W.3d
520, 530 (Tex. App.BCorpus Christi
2001, pet. denied); Muller v. Nelson Sherrod & Carter, 563 S.W.2d
697, 701 (Tex. Civ. App.BFort Worth
1978, no writ).  Conclusions of law are
reviewed de
novo.  Circle C Child Dev.
Ctr., Inc. v. Travis Cent. Appraisal Dist., 981 S.W.2d 483, 485 (Tex. App.BAustin 1998, no
pet.).  Conclusions of law will be
reversed only if they are erroneous as a matter of law. Stable Energy, L.P.
v. Newberry, 999 S.W.2d 538, 547 (Tex. App.BAustin 1999, pet. denied); Hofland v.
Fireman's Fund Ins. Co., 907 S.W.2d 597, 599 (Tex.
App.BCorpus Christi
1995, no writ).  Incorrect conclusions of
law will not require reversal of the trial court=s judgment if the controlling findings of
fact can support a correct legal theory. 
Stable Energy, 999 S.W.2d at 547.

Appellant
argues that the findings of fact and conclusions of law are without evidentiary
foundation because the trial court did not receive oral testimony, but rather
received only documentary evidence.  








We
note that Rule 120a does not require live testimony.  The trial court may resolve the challenge to
its jurisdiction based on the pleadings, any stipulations of the parties,
affidavits, and discovery responses.  Tex. R. Civ. P. 120a(3); Jack B.
Anglin Co. v. Tipps, 842 S.W.2d 266, 269 (Tex. 1992).  In the present case, the trial court received
affidavits from appellant and appellee, each of which set forth their
testimony.  The trial court also received
the affidavit of one of appellant=s attorneys,
along with other exhibits relevant to the jurisdictional issue.  We conclude the trial court did not err in
failing to receive oral testimony.

In
his fourth and fifth issues, appellant argues that the trial court erred in
finding that the parties resided in Minnesota until September 14, 2000, and
that they ceased living together on said date. 
By these issues, appellant challenges findings of fact numbers two and
three.  Appellee stated in her affidavit:


My
husband and I lived in Minnesota for the majority of our marriage and we ceased
living together as husband and wife in September of 2000.  At that time my husband left for Texas and he
has stayed there ever since.  Minnesota
is the last state where my husband and I are (sic) were domiciled and living
together. . . . [H]e and I were still together and sleeping in the same bed
until September 14, 2000.

We
hold there is more than a scintilla of evidence to support findings of fact two
and three.  Issues four and five are
overruled.

In
his seventh, eighth, seventeenth, and nineteenth issues, appellant argues that
the trial court erred in finding that appellee maintains her homestead,
domicile and residence in Minnesota, that appellee is a registered voter in
Minnesota, and that she is a domiciliary of Minnesota.  By these issues, appellant challenges
findings of fact numbers five, six, 
nineteen, and twenty-one.

Appellee
stated in her affidavit that she is a resident of Minnesota.  Further, the trial court received a copy of
appellee=s driver=s license,
which reflects that appellee resides in Minnesota, and a letter from the city
clerk of Eden Prairie, Minnesota, which reflects that appellee is a registered
voter in Minnesota.   We conclude there
is more than a scintilla of evidence to support findings numbers five, six,
nineteen, and twenty-one.  Issues seven,
eight, seventeen, and nineteen are overruled.








In
his ninth issue, appellant argues that the trial court erred in finding that
appellant filed his suit for divorce in Cameron County, Texas prior to being a
domiciliary of Texas for the required six-month period of time.  By this issue, appellant challenges finding
of fact number eight.

The
record reflects that appellant filed his suit in Cameron County on March 7,
2001.  Appellee stated in her affidavit
that she and appellant resided together in Minnesota until September 14, 2000.  We conclude there is more than a scintilla of
evidence to support finding number eight. 
Issue number nine is overruled.

In
his tenth, eleventh, and twelfth issues, appellant argues that the trial court
erred in finding that appellant:  did not
request issuance of service of citation on appellee at the time suit for
divorce was filed in Cameron County on March 7, 2001; did not have said
citation issued until after appellant was served with citation in the Minnesota
suit; and, did not serve appellee with citation in the Cameron County suit
until April 30, 2001.  By these issues,
appellant challenges findings of fact numbers nine, twelve, and thirteen.

Appellant=s petition
filed in Cameron County on March 7, 2001, states A[n]o service of citation is requested at
this time.@  Further, the court=s docket sheet,
in the Cameron County suit, reflects that citation was issued for service on
appellee on April 12, 2001, but service was not accomplished until April 30,
2001.  Appellee=s affidavit
states that she filed her suit for divorce in Minnesota and had appellant
served on April 9, 2001.  Appellee=s affidavit
further states that she was served with citation in the Cameron County suit on
April 30, 2001.  We conclude there is
more than a scintilla of evidence to support finding numbers nine, twelve, and
thirteen.  Issues number ten, eleven, and
twelve are overruled.








In
his thirteenth issue, appellant argues that the trial court erred in finding
that appellant filed an answer and counter-petition seeking affirmative relief
in the Minnesota suit.  By this issue,
appellant challenges finding of fact number fourteen.

A
claim for affirmative relief has been defined as a defensive pleading that
alleges that the defendant has a cause of action, independent of the
plaintiff's claim, on which he can recover benefits, compensation or relief,
even though the plaintiff may abandon his cause of action or fail to establish
it.  Gen. Land Office of the State of
Texas v. Oxy U.S.A., Inc., 789 S.W.2d 569, 570 (Tex.1990).  

A
copy of appellant=s answer and
counter-petition filed in the Minnesota suit was received in evidence by the
trial court.  In said counter-petition,
appellant requests, among other things, that the Minnesota court grant the
parties a divorce and an equitable division of the marital estate.  The requests for relief included in appellant=s
counter-petition meet the definition of affirmative relief.  Id. 
Accordingly, we conclude there is more than a scintilla of evidence to
support finding number fourteen.  Issue
number thirteen is overruled.

In
his fifteenth issue, appellant argues that the trial court erred in finding
that the parties own substantial real property in Minnesota.  By this issue, appellant challenges finding
of fact number sixteen.








The
trial court received in evidence a copy of the property tax statement for
certain real property owned by the parties in Eden Prairie, Minnesota.  The listed market value of said property is
$217,000.  The trial court also received
in evidence a copy of appellee=s petition for
divorce, filed in the Minnesota court, wherein appellee lists as part of the
marital estate two parcels of real property located in Burntside Lake,
Minnesota, with an estimated value of $242,000. 
Additionally, appellee stated in her affidavit that all of the marital
property is located in Minnesota, with the exception of a vacation home in
Cameron County.  We conclude there is
more than a scintilla of evidence to support finding number sixteen.  Issue number fifteen is overruled.

In
his twentieth and twenty-first issues, appellant argues that the trial court
erred in finding that no grounds for personal jurisdiction over appellee had
been established and that there was not sufficient contacts between appellee
and the state of Texas to exercise personal jurisdiction over appellee.  By these issues, appellant challenges
findings of fact numbers twenty-two and twenty-three.

As
previously noted, appellant failed to plead facts that would bring appellee
within the jurisdiction of the Cameron County court.  Without jurisdictional allegations by the
plaintiff that the defendant has committed any act in Texas, the defendant can
meet its burden of negating all potential bases of jurisdiction by presenting
evidence that it is a nonresident.  Siskind,
642 S.W.2d at 438.  Appellee stated in
her affidavit that she is a resident of Minnesota.  Accordingly, we conclude there is more than a
scintilla of evidence to support findings twenty-two and twenty-three.  Issues twenty and twenty-one are overruled.

In
his twenty-second issue, appellant argues that the trial court erred in finding
that A[a]ny finding
of fact that is a conclusion of law, shall be deemed a conclusion of law.@  By this issue, appellant challenges finding
of fact number twenty-four.








Appellee
concedes that finding of fact twenty-four is not supported by the evidence, but
argues that this statement is not a finding, and does not affect the trial
court=s
judgment.  We agree.  The trial court merely recites a correct
statement of the law, that the trial court=s designation
of something as finding of fact is not controlling and that this Court may
treat any incorrectly designated finding as a conclusion of law.  See Ray v. Farmers= State Bank, 576 S.W.2d
607, 608 n.1 (Tex. 1979).  Issue
twenty-two is overruled.

In
his twenty-third through twenty-sixth issues, appellant argues that the trial
court erred in concluding that: (1) the trial court does not have personal
jurisdiction over appellee; (2) the trial court does not have jurisdiction over
the case because the case was filed prior to appellant being a domiciliary of
the state of Texas for the required six-month period of time; (3) the case
should be dismissed because the trial court does not have personal jurisdiction
over appellee; and, (4) the case should be dismissed because the trial court does
not have jurisdiction over the case.

After
reviewing the entire record, we have concluded that the trial court properly
granted appellee=s special
appearance.  Accordingly, we uphold the
conclusions of law because we conclude that the judgment can be sustained on
the legal theories advanced by appellee and it is supported by the
evidence.  Harlingen Irrigation Dist.,
49 S.W.3d at 520.  Appellant=s twenty-third,
twenty-fourth, twenty-fifth, and twenty-sixth issues are overruled.

In
his sixth, sixteenth, and eighteenth issues, appellant argues that the trial
court erred in finding that appellant maintains his homestead, domicile and
residence in Minnesota, and is a domiciliary of the state of Minnesota.  By these issues, appellant challenges
findings of fact numbers four, eighteen, and twenty.








These
issues deal with three different concepts: residence, homestead, and
domicile.  In Texas, Aresidency@ is a question
of fact.  Stacy v. Stacy, 480
S.W.2d 479, 482 (Tex. Civ. App.BWaco 1972, no
writ).  Moreover, under Texas law, a
person can have several residences.  See
Snyder v. Pitts, 241 S.W.2d 136, 138 (Tex. 1951).  Although the term Aresidence@ is given a
variety of meanings, depending on its context, residence generally requires both
physical presence and an intention to remain. 
See Smith v. Bd. of Regents of the Univ. of Houston Sys., 874
S.W.2d 706, 712 (Tex. App.BHouston [1st Dist.] 1994, writ
denied)(citing Martinez v. Bynum, 461 U.S. 321, 330 (1983)).  For purposes of the family code, being a Aresident of the
county in which suit is filed@ means an
actual, physical, continuous living in the county of suit by the party, for the
specified ninety-day period, coupled with a good-faith intent to make that
county home.  Tex. Fam. Code Ann. ' 6.301 (Vernon
1998);  Cook v. Mayfield, 886
S.W.2d 840, 842 (Tex. App.BWaco 1994,
orig. proceeding).  

The
elements of the legal concept of Adomicile@ are: (1) an
actual residence, and (2) the intent to make it the permanent home. Snyder,
241 S.W.2d at 139.  AResidence,@ therefore, is
a lesser-included element of the technical definition of domicile.  Id. 
Pursuant to the family code, a suit for divorce may not be maintained in
Texas unless at the time the suit is filed, one of the parties to the suit has
been a domiciliary of this state for the preceding six-month period.  Tex.
Fam. Code Ann. ' 6.301 (Vernon
1998).








Generally,
a Ahomestead@ is the
dwelling house constituting the family residence, together with the land on
which it is situated and the appurtenances connected therewith.  Farrington v. First Nat=l Bank of
Bellville,
753 S.W.2d 248, 250 (Tex. App.BHouston [1st
Dist.] 1988, writ denied) (citing Gann v. Montgomery, 210 S.W.2d 255,
258 (Tex. Civ. App.BFort Worth
1948, writ ref'd n.r.e.)).  We note that
the term Ahomestead@ is commonly
used in connection with a claimed exemption from ad valorem taxes, or an
exemption from forced sale.  See Tex. Const. art. VIII, ' 1-b(c); Tex. Tax Code Ann. '' 11.13(j)(1),
11.43(a) (Vernon 2001).

As
previously noted, appellee stated in her affidavit that appellant resided with
her in Minnesota, until September 14, 2000. 
Appellee further stated, that after September 2000, appellant Aleft for Texas
and he has stayed there ever since.@  The record also contains a property tax
statement which reflects that appellant classified the parties= residence in Minnesota
as Ahomestead.@  Accordingly, we conclude there is more than a
scintilla of evidence to support the trial court=s finding that appellant=s homestead is
maintained in Minnesota.  However, we
further conclude that there is no evidence to support the trial court=s findings that
appellant=s residence and
domicile were maintained in Minnesota.  

Finding
of fact number four found that appellant=s homestead,
residence and domicile were all maintained in Minnesota; therefore, as to that
part of finding four concerning appellant=s homestead,
issue six is overruled, in part. 
However, as to that part of finding four relating to appellant=s domicile and
residence, issue six is sustained, in part. 
Issues sixteen and eighteen, which challenge the court=s findings as
to appellant=s residence and
domicile, are sustained, in their entirety.

In
his fourteenth issue, appellant argues that the trial court erred in finding
that appellant made an appearance in the Minnesota suit and subjected himself
to the jurisdiction of the Minnesota court. 
By this issue, appellant challenges finding of fact number fifteen.








A
copy of appellant=s answer and
counter-petition filed in the Minnesota suit was received in evidence by the
trial court.  In said answer and
counter-petition, appellant prays that the Minnesota court both dismiss the
case for lack of jurisdiction and grant him affirmative relief.  We note that this apparent inconsistency in
appellant=s answer and
counter claim does not, by itself, waive appellant=s defense of
lack of personal jurisdiction.  In
Minnesota, a defendant may preserve a personal jurisdiction defense, even
though he has asserted a counterclaim in his responsive pleading, by acting Apromptly@ to have the
jurisdictional issue decided.  Federal-Hoffman,
Inc. v. Fackler, 549 N.W.2d 93, 95 (Minn. Ct. App. 1996).  There is nothing in the record to indicate
that appellant has or has not sought to have the jurisdictional issue promptly
decided.  Accordingly, we find there is
no evidence to support finding number fifteen. 
Therefore, issue number fourteen is sustained.








Although
we have sustained issues fourteen, sixteen and eighteen, concluding that
findings of fact fifteen, eighteen, twenty are not supported by the evidence,
not every erroneous finding of fact or conclusion of law mandates the reversal
of an otherwise correct judgment.  If the
judgment is otherwise correct on the merits and the controlling findings of
fact will support a correct legal theory, we will uphold the trial court's
judgment.  City of San Antonio v.
Lopez, 754 S.W.2d 749, 753 (Tex. App.BSan Antonio
1988, writ denied).  Reversal is not
required if the trial court=s judgment can
be sustained on any legal theory supported by the evidence.  Stable Energy, 999 S.W.2d at 547.  The trial court found that it was without
personal jurisdiction over appellee, and dismissed the cause.  Appellant=s residence and domicile in Texas does not
confer, upon the trial court, personal jurisdiction over appellee.  See Dawson-Austin v. Dawson, 968
S.W.2d 319, 326 (Tex. 1998) (holding that trial court did not have in
personam jurisdiction over wife, despite husband being a domiciliary of
Texas for six months prior to filing of divorce).  We conclude that the trial court=s judgment is
supported by the evidence, and findings of fact fifteen, eighteen, and twenty
are not necessary to sustain the trial court=s judgment. 

The
judgment of the trial court is affirmed.

 

                                                                                                                      

LINDA REYNA
YAÑEZ

Justice

 

 

 

Do not
publish.  

Tex. R. App. P. 47.3.

 

Opinion
delivered and filed 

this the 29th
day of August, 2002.

 











[1]
Appellant generally frames these issues by stating Athe
trial court erred in entering the finding of fact.@  Appellant does not specify whether he is
challenging the legal or factual sufficiency of the evidence to support these
findings; however, appellant does argue that Athere
is not a scintilla of evidence to support the findings@
and Athere is no
evidence to support@ same.  We read appellant=s
argument as raising a challenge to the legal sufficiency of the evidence to
support the findings.  Appellant asserts
at one point in his brief that Afindings
of fact not consistent with the evidence fail for factual sufficiency.@  While we agree that findings of fact can be
reviewed for factual sufficiency of the evidence, see Zisblatt v.
Zisblatt, 693 S.W.2d 944, 949 (Tex. App.BFort
Worth 1985, writ dism=d w.o.j.),
appellant has failed to adequately brief any issue concerning factual
sufficiency.  Tex. R. App. P. 38.1(h). 
Accordingly, we do not review the factual sufficiency of the evidence to
support the findings.