In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-02-262 CV


____________________



HERZOG SERVICES, INC., AND HERZOG CONTRACTING CORP., 


 Appellants


V.



THE KANSAS CITY SOUTHERN RAILWAY COMPANY, Appellee






On Appeal from the 128th District Court


Orange County, Texas


Trial Cause No. A-010,307-C






OPINION


 This is an accelerated interlocutory appeal of a temporary anti-suit injunction. See
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(4) (Vernon Supp. 2002). The Kansas
City Southern Railway Company ("KCS") sued Herzog Services, Inc. ("HSI") in Orange
County, Texas, for damages for breach of contract and breach of warranty in connection
with rail service contracts executed by the parties in Missouri in 1993 and 1999. KCS
amended its petition to add as a party Herzog Contracting Corp. ("HCC"), HSI's alleged
alter ego. KCS also amended the petition to add claims for torts related to the performance
of those contracts. HSI subsequently filed a declaratory judgment suit in Missouri, seeking
a construction of the contracts under Missouri law. The Missouri petition recites that HSI
is not seeking any relief in Missouri in the claims brought against it in the Texas suit. The
trial court ordered HSI and its counsel to desist and refrain from further pursing the
Missouri actions, and ordered HSI, HCC, and their attorneys to desist and refrain from
filing any action similar to the Missouri action. (1) 

 The appellee contends that HCC waived its appellate arguments because it did not
file a response in the trial court. We disagree. HCC did not fail to pursue its objection
to a ruling, as required by Tex. R. App. P. 33.1(a). The ruling on appeal is the temporary
injunction, which issued on June 6, 2002. By filing a notice of appeal, HCC protected its
right to challenge the granting of the injunction. The case cited by KCS, Bushell v. Dean,
803 S.W.2d 711, 712 (Tex. 1991)(op. on reh'g), which concerns an evidentiary ruling,
is inapposite. 

 The appellee also contends that, because HSI failed to argue to the trial court that
the Missouri case is not a threat to the Texas court's jurisdiction, HSI cannot raise that
argument on appeal. As the party seeking a temporary injunction KCS bore the burden
of proof at trial. Harbor Perfusion, Inc. v. Floyd, 45 S.W.3d 713, 718 (Tex. App.--Corpus Christi 2001, no pet.). On appeal, the appellants must demonstrate that the trial
court abused its discretion by issuing the injunction where the appellee failed to produce
evidence that an injunction was necessary. Id. 

 The appellants present their first issue, as follows: "Whether the trial court's anti-suit injunction that prevents a party from pursuing a single action in its home forum
violates Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649 (Tex. 1996)." Texas courts
possess the inherent power to enjoin parties from pursuing litigation in a sister state. 
Christensen v. Integrity Ins. Co., 719 S.W.2d 161, 163 (Tex. 1986). On appeal, the issue
is whether the trial court's action was proper and within its discretion. Gannon v. Payne,
706 S.W.2d 304, 306 (Tex. 1986).


 The principle of comity requires that courts exercise the power to
enjoin foreign suits "sparingly, and only in very special circumstances."
Christensen, 719 S.W.2d at 163; Gannon, 706 S.W.2d at 306. An anti-suit
injunction is appropriate in four instances: 1) to address a threat to the
court's jurisdiction; 2) to prevent the evasion of important public policy; 3)
to prevent a multiplicity of suits; or 4) to protect a party from vexatious or
harassing litigation. Gannon, 706 S.W.2d at 307. The party seeking the
injunction must show that "a clear equity demands" the injunction. 
Christensen, 719 S.W.2d at 163. "A single parallel proceeding in a foreign
forum, however, does not constitute a multiplicity nor does it, in itself create
a clear equity justifying an anti-suit injunction." Id. See also Gannon, 706
S.W.2d at 307.


Golden Rule Ins. Co. v. Harper, 925 S.W.2d 649, 651 (Tex. 1996).

 

 KCS argues that, as the forum of the earlier filed suit, the Texas court's jurisdiction
is dominant over the Missouri court, and the possibility that the Missouri suit will proceed
to judgment first threatens the jurisdiction of the Texas court. However, Golden Rule also
involved a single out-of-state suit for a declaratory judgment concerning the defensive
issues raised in a pre-existing Texas suit. Golden Rule Ins. Co. v. Harper, 925 S.W.2d
at 651. In dissolving the anti-suit injunction, the Supreme Court ruled that the mirror
image out-of-state suit must be allowed to proceed absent some other circumstances that
render an injunction necessary to prevent an irreparable miscarriage of justice. Id. at 652. 
"Merely because the suits present identical issues does not make their proceeding an
'irreparable miscarriage of justice.'" Id. The Missouri suit presents no direct threat to the
jurisdiction of the Texas court. The Missouri court has not enjoined KCS from pursuing
its suit, nor is any corpus in controversy in the Texas litigation subject to destruction or
dissipation through action taken in the other suit. 

 The cases cited by KCS in support of its argument do not serve to distinguish its
case from Golden Rule. In one case cited by KCS, Armstrong v. Steppes Apartments, Ltd.,
57 S.W.3d 37, 50 (Tex. App.--Fort Worth 2001, pet. denied), cert. denied, 70 U.S.L.W.
3789, 122 S.Ct. 2645, ___ L.Ed.2d ___ (2002), the enjoined party had transferred notes
to newly-created entities that were then placed into bankruptcy for the purpose of
fraudulently creating jurisdiction. We have no indication that HSI fraudulently created
jurisdiction in the other state; the parties' principal offices were in Missouri and the
contracts were executed in Missouri and called for the application of Missouri law. In
Moton v. Hull, 77 Tex. 80, 13 S.W. 849 (1890), a second garnishment suit was filed in
Missouri in order to circumvent the restrictions on garnishment of wages inherent in the
earlier filed Texas suit. In contrast, any construction of the contracts at issue here likely
will be conducted under the choice of law contained in the contracts, regardless of the
forum. Other opinions relied upon by KCS involved the application of concepts of
dominant jurisdiction between Texas district courts, not the court of another state. See
Wyatt v. Shaw Plumbing Co., 760 S.W.2d 245 (Tex. 1988); Curtis v. Gibbs, 511 S.W.2d
263 (Tex. 1974); Fina Oil & Chem. Co. v. Alonso, 941 S.W.2d 287 (Tex. App.--Corpus
Christi 1996, no writ). 

 Golden Rule and Christensen also clearly preclude an injunction to prevent a
multiplicity of suits in a situation where only one other suit involving the same controversy
has been filed in a sister state. See Golden Rule, 925 S.W.2d at 651; Christensen, 719
S.W.2d at 163. In Forum Ins. Co. v. Bristol-Myers Squibb Co., 929 S.W.2d 114 (Tex.
App.--Beaumont 1996, writ denied), the potential existed for the hundreds of defendants
to file identical suits in their respective home states or countries. This case involves only
two defendants and two contracts. 

 KCS argues that the Missouri suit is vexatious and harassing because HSI filed a
motion for summary judgment in their declaratory judgment suit. The case cited by KCS
in support of its argument, American Intern. Specialty Lines, Ins. Co. v. Triton Energy
Ltd., 52 S.W.3d 337, 343 (Tex. App.--Dallas 2001, pet. dism'd w.o.j.), acknowledged
that "[s]omething more is required than expense, inconvenience, and the risk of
inconsistent rulings." There, the appellant filed suit in California in violation of a
contractual "service of suit" clause in which it agreed to submit to the jurisdiction of the
court in which the appellee filed suit. Id. at 340. KCS has not identified any contract
clause in which the appellants agreed to litigate only in Texas. Nor is this a case where
the controversy bears only a tenuous or manufactured connection to the State of Missouri. 
 Here, KCS complains that, since the Missouri suit is only a declaratory judgment action,
that suit may conclude first. A swift conclusion of the suit would render that litigation
neither vexing nor harassing. The collateral effect of a prior judgment from another
jurisdiction can be dealt with when, and if, it occurs. 

 The Supreme Court recognized that an injunction of proceedings in another state
may be exercised only under very special circumstances. Gannon, 706 S.W.2d at 306.
Absent those special circumstances, the suits should be allowed to proceed simultaneously.
Christensen, 719 S.W.2d at 164. No clear equity justifies the granting of the anti-suit
injunction in this case. There is no reason why the Missouri court should not decide for
itself whether and when to proceed with the declaratory judgment action, without
interference by a Texas court. We hold that the granting of the injunction constituted an
abuse of discretion. We sustain the appellants' first issue. We decline to address the
remaining issues, because their resolution would not affect the outcome of the appeal. (2) 
The trial court's order is reversed, and the temporary injunction is dissolved.

 REVERSED.

 PER CURIAM




Submitted on August 29, 2002

Opinion Delivered August 30, 2002

Do Not Publish 


Before Walker, C.J., Burgess and Gaultney, JJ.
1. The temporary injunction includes the following findings: 



 that KCS has a right to proceed on the trial of this cause;
 that HSI intends to have the Missouri court enter judgment on matters and issues
already being litigated in Texas;
 that if judgment is entered in Missouri, it will alter the status quo and tend to make
ineffectual a judgment in favor of KCS; and 
 that unless HSI is deterred, KSC will be without any adequate remedy at law
because the Missouri action will render moot the claims, defenses, and issues being
adjudicated in Texas.
2. Issues two and three are stated, as follows:


 Issue two: Whether the trial court's anti-suit injunction is overly broad
because it prevents a party from pursuing an action in another state's courts
that concerns incidents that are not at issue in the Texas suit.


 Issue three: Whether the trial court's anti-suit injunction is sufficiently
detailed to satisfy Tex. R. Civ. P. 683.