

**NUMBER 13-06-00539-CV**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

ANN M. FERNANDEZ,                                                                     **Appellant,**

**v.**

THE JOHN G. AND MARIE STELLA
KENEDY FOUNDATION,                                                              **Appellee.**

---

On appeal from the 105th District Court of Kenedy County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Yañez and Benavides
Memorandum Opinion by Chief Justice Valdez**

By petition for bill of review, Ann Fernandez ("Fernandez"), appellant, directly attacked an order dismissing a royalty assignment suit rendered in 1978. The John G. and Marie Stella Kenedy Memorial Foundation (the "Foundation"), appellee, moved for summary judgment and an anti-suit injunction. The district court granted the Foundation's motion for summary judgment and issued an anti-suit injunction. On appeal, Fernandez's

sole issue challenges the anti-suit injunction. We reverse and render a denial of the anti-suit injunction.

## I. BACKGROUND[1]

Fernandez directly attacked a dismissal order rendered in a suit brought by the temporary administrator of Sarita Kenedy East's estate. In that suit, the temporary administrator sought to undo certain *inter vivos* transfers made by East shortly before she died. Fernandez alleges that she is the sole child of John G. Kenedy Jr., East's brother, and therefore, she is East's niece. In her petition for bill of review (the "petition"), Fernandez asserts that she was a necessary party to the temporary administrator's suit, but never received notice of the suit or the dismissal order.

Before petitioning the district court for a bill of review, Fernandez filed an heirship application in East's probate court case. Shortly after filing her petition in district court, Fernandez moved to abate her district court petition on the grounds that the probate court held dominant jurisdiction over the probate issues in the case.[2] The Foundation moved for both no-evidence and traditional summary judgments in district court on various grounds, including laches and adverse possession. The district court denied Fernandez's abatement motion and granted the Foundation a summary judgment without providing a rationale. The district court also issued an anti-suit injunction which prohibited Fernandez

---

[1] As this is a memorandum opinion and the parties are familiar with the facts and legal issues, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it. *See* TEX. R. APP. P. 47.4.

[2] The probate court attempted to transfer Fernandez's district court petition to itself. We, however, held that the probate court did not have statutory authority to transfer Fernandez's petition and directed the probate court to vacate its transfer order. *In re Kenedy Mem'l Found.*, 159 S.W.3d 133, 146 (Tex. App.–Corpus Christi 2004, orig. proceeding).

from proceeding with her probate matters in East's estate. On appeal, Fernandez challenges only the anti-suit injunction.

## II. DISCUSSION

By her sole issue, Fernandez challenges the anti-suit injunction because it enjoins her from:

> taking any further action in the County Court of Kenedy County, Texas, inconsistent with the judgments of this Court which denied all claims and relief sought in Fernandez's "Petition for Bill of Review" filed in this cause, including, but not limited to, Fernandez's request seeking to set aside and cancel the deeds by Sarita K. East which transferred title to the Foundation of the royalty interest described in those deeds and Fernandez's request to reopen East's Estate, to establish a right to inherit from East's Estate, to set aside all or part of East's will, or to recover or establish an interest in property transferred by the deeds at issue in this cause and property distributed from East's Estate to the Foundation, without further order from [the district court].

The decision to issue an anti-suit injunction rests within the sound discretion of the trial court. *London Mkt. Ins. v. Am. Home Assurance Co.*, 95 S.W.3d 702, 705 (Tex. App.–Corpus Christi 2003, no pet.).

In reviewing the trial court's decision, we are to draw inferences from the evidence in the manner most favorable to the trial court's ruling. *See id.* "A trial court abuses its discretion when it acts arbitrarily and unreasonably, without reference to guiding rules or principles, or misapplies the law to the established facts of the case." *Id*. (quoting *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). A trial court is within its power to base a decision on conflicting evidence; however, that evidence must reasonably support the trial court's decision. *Harbor Perfusion, Inc. v. Floyd*, 45 S.W.3d 713, 717 (Tex. App.–Corpus Christi 2001, no pet.).

The Texas Supreme Court has determined that there are four instances in which

3

an anti-suit injunction is appropriate: (1) to address a threat to the court's jurisdiction; (2) to prevent the evasion of important public policy; (3) to prevent a multiplicity of suits; or (4) to protect a party from vexatious or harassing litigation. *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996) (per curiam); *London Mkt.*, 95 S.W.3d at 705-06. There are no precise guidelines to determine the appropriateness of an anti-suit injunction, and the circumstances of each situation must be carefully examined. *See Gannon v. Payne*, 706 S.W.2d 304, 307 (Tex. 1986); *London Mkt.*, 95 S.W.3d at 709.

Fernandez complains that the district court could not issue the anti-suit injunction. We agree. We have held that a district court that lacks probate jurisdiction cannot enjoin a party from proceeding in probate court. *Fernandez v. Frost Nat'l Bank, et al.*, No. 13-06-149-CV, slip op. at 14, 2008 Tex. App. LEXIS _____, at *___ (Tex. App.–Corpus Christi May __, 2008, no pet. h.). Additionally, we do not find any of the instances that would support an anti-suit injunction to be present in this case. *See id.*; *see also Harper*, 925 S.W.2d at 651 (Tex. 1996). Fernandez's sole issue is sustained.

### III. CONCLUSION

Having sustained Fernandez's sole issue, the anti-suit injunction is reversed and a denial of the Foundation's request for injunctive relief is rendered.

*/s/ ROGELIO VALDEZ*
ROGELIO VALDEZ,
Chief Justice

Memorandum Opinion delivered and filed
this the 22nd day of May, 2008.

4