The JOHN G. AND MARIE STELLA KENEDY MEMORIAL FOUNDATION, Petitioner,

v.

Ann M. FERNANDEZ, Respondent.

No. 08–0529.

Supreme Court of Texas.

Argued Dec. 15, 2009.

Decided April 16, 2010.

bill of review was available to Fernandez.

Jorge C. Rangel, Jaime Santiago Rangel, The Rangel Law Firm, P.C., Corpus Christi, TX, Macey Reasoner Stokes, John W. Porter, Amy Pharr Hefley, Baker & Botts L.L.P., Houston, TX, Mike A. Hatchell, Charles R. Watson Jr., Locke Lord Bissell & Liddell, LLP, Austin, TX, for Petitioner.

Julia F. Pendery, Attorney at Law, Marcos G. Ronquillo, Shawn Malcolm McCaskill, Godwin Ronquillo PC, Eric G. Walraven, Underwood, Perkins & Ralston, P.C., Christie Marie Villarreal, Godwin Pappas

Langley Ronquillo, LLP, Deborah G. Hankinson, Hankinson Levinger LLP, Dallas, TX, Michael C. McCrea, Michele Anne Mobley, Dubois, Bryant, Campbell & Schwartz, LLP, Elana S. Einhorn, The University of Texas School of Law, Austin, TX, Sam A. Westergren, Corpus Christi, TX, for Respondent.

Jacqueline M. Stroh, Thomas C. Crofts Jr., Crofts & Callaway, P.C., San Antonio, TX, J.A. (Tony) Canales, Tara Leigh Adami, Canales & Simonson, P.C., Corpus Cristi, TX, Stephen Jody Helman, Jeffrey T. Knebel, Osborne & Helman, L.L.P., Austin, TX, for persons interested in case, Frost National Bank.

Susan K. Staricka, Mary Taylor Henderson, Office of the Attorney General of Texas, Consumer Protection and Public Health, Bruce V. Griffiths, Assistant Attorney General, Consumer Protection & Public Health Division, Austin, TX, for person interested in case, State of Texas.

John Sjoberg, Jackson, Sjoberg, McCarthy & Wilson, LLP, Shannon H. Ratliff, Ratliff Law Firm, P.L.L.C., Austin, TX, for person interested in case, ExxonMobil Corporation.

Justice GREEN delivered the opinion of the Court.

In this case, we consider whether to uphold an anti-suit injunction that enjoins Ann M. Fernandez from pursuing claims in other courts asserting inheritance rights relating to the estate of Sarita Kenedy East or interests in property that East conveyed. We have already reinstated district court summary judgments that Fernandez take nothing in related district court bill of review cases regarding the estates of East and her brother, John G. Kenedy, Jr. *Frost Nat'l Bank v. Fernandez,* 315 S.W.3d 494, —— (Tex.2010); *The John G. & Marie Stella Kenedy Mem'l*

*Found. v. Fernandez,* 315 S.W.3d 512, ——— (Tex.2010). In each of those cases, we affirmed the part of the court of appeals' judgment that reversed the anti-suit injunction. Because we conclude that none of Fernandez's claims for heirship or inheritance rights to the East estate remain viable, we likewise affirm the part of this court of appeals' judgment that relates to the district court's anti-suit injunction.

We set out the facts in detail in *Frost National Bank v. Fernandez,* 315 S.W.3d at 497–502. *See also Kenedy Mem'l Found.,* 315 S.W.3d at 516. This appeal arises from Fernandez's bill of review proceeding in the 105th District Court of Kenedy County attacking a 1978 judgment dismissing with prejudice a suit by Arnold Garcia, temporary administrator of East's estate, seeking to have declared void *inter vivos* mineral royalty assignments East made in 1960 and 1961 to The John G. and Marie Stella Kenedy Memorial Foundation (the *Garcia* suit). In her bill of review, Fernandez claimed that she is Kenedy's non-marital child and, as East's heir, she should have been notified of and made a party to the *Garcia* suit. Because she was not present when the 1978 judgment was rendered, Fernandez believes that the judgment is void. The district court granted summary judgment in favor of the Foundation and issued an anti-suit injunction preventing Fernandez from proceeding with probate matters relating to East's estate in any court. Fernandez did not appeal the summary judgment, challenging only the anti-suit injunction on appeal. Having reversed the district court and ordered it to abate the bill of review cases while Fernandez proceeded in probate court, the court of appeals held that "a district court that lacks probate jurisdiction cannot enjoin a party from proceeding in probate court," and noted that it did not find any support for an anti-suit injunction in that case. *Fernandez v. The John G. &*

*Marie Stella Kenedy Mem'l Found.,* 315 S.W.3d 542, 543 (Tex.App.-Corpus Christi 2008, pet. granted) (mem. op.). The court of appeals reversed the anti-suit injunction and denied the Foundation's request for injunctive relief. *Id.* at 545.

In *The John G. and Marie Stella Kenedy Memorial Foundation v. Fernandez,* we reinstated the district court judgment based in part on our conclusion that Fernandez's attempt to prove that she is East's heir in the district court bill of review proceeding is barred by limitations. 315 S.W.3d at 513. The record shows that East made the conveyances at issue in this case in 1960 and 1961, she died in 1961, the district court rendered judgment probating East's will in 1975, the district court dismissed the *Garcia* suit seeking to set aside the conveyances in 1978, and the probate court closed East's estate in March 1987. By any conceivable accrual date, the residual four-year statute of limitations applicable to Fernandez's heirship claim expired more than fifteen years before she filed the *Garcia* bill of review in 2003. *See* Tex. Civ. Prac. & Rem.Code § 16.051; *Kenedy Mem'l Found.,* 315 S.W.3d at 518; *Frost Nat'l Bank,* 315 S.W.3d at 509. The district court's summary judgment in this case foreclosed both Fernandez's heirship claim and her attempt to resurrect an attack on the conveyances at issue. Fernandez did not appeal any aspect of the summary judgment. Therefore, the 1978 order dismissing with prejudice the *Garcia* suit is binding.

Having held that the judgment probating East's will is binding, *Kenedy Mem'l Found.,* 315 S.W.3d at 517, and having now held that the 1978 *Garcia* judgment is binding, we see no possibility of Fernandez being able to establish that East died intestate, which would be necessary for the probate court to assert jurisdiction over

Fernandez's heirship or inheritance claims relating to East's estate or *inter vivos* conveyances. Because the district court has exclusive jurisdiction over Fernandez's inheritance claims relating to both the Kenedy and East estates, we do not foresee a continuing threat of Fernandez resuming this litigation in other courts. *See Frost Nat'l Bank,* 315 S.W.3d at 512; *Kenedy Mem'l Found.,* 315 S.W.3d at 515. Under the unique circumstances of this case, we therefore affirm the portion of the judgment relating to the anti-suit injunction and denial of the Foundation's request for injunctive relief. *See Univ. of Tex. v. Morris,* 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (recognizing that this Court is not constrained to the trial court record at the time an injunction was issued when events subsequent to the issuance of an anti-suit injunction "render the cause for injunctive relief entirely moot or academic"); *see also Golden Rule Ins. Co. v. Harper,* 925 S.W.2d 649, 651 (Tex.1996) (per curiam) (reciting requirement that " 'a clear equity demands' the injunction" (quoting *Christensen v. Integrity Ins. Co.,* 719 S.W.2d 161, 163 (Tex.1986))); *Gannon v. Payne,* 706 S.W.2d 304, 307 (Tex.1986) ("The circumstances of each situation must be carefully examined to determine whether the [anti-suit] injunction is required to prevent an irreparable miscarriage of justice.").

Justice O'NEILL and Justice GUZMAN did not participate in the decision.