The JOHN G. AND MARIE STELLA KENEDY MEMORIAL FOUNDATION, Petitioner,

v.

Ann M. FERNANDEZ, Respondent.

No. 08–0528.

Supreme Court of Texas.

Argued Dec. 15, 2009.

Decided April 16, 2010.

Rehearing Denied Aug. 20, 2010.

Jorge C. Rangel, Jaime Santiago Rangel, The Rangel Law Firm, P.C., Corpus Christi, TX, Macey Reasoner Stokes, John W. Porter, Amy Pharr Hefley, Baker & Botts L.L.P., Houston, TX, Joseph R. Knight, Baker & Botts L.L.P., Mike A. Hatchell, Charles R. Watson Jr., Locke Lord Bissell & Liddell, LLP, Austin, TX, for Petitioner.

Julia F. Pendery, Attorney at Law, Marcos G. Ronquillo, Shawn Malcolm McCaskill, Godwin Ronquillo PC, Eric G. Walraven, Underwood, Perkins & Ralston, P.C., Christie Marie Villarreal, Godwin Pappas Langley Ronquillo, LLP, Deborah G. Hankinson, Hankinson Levinger LLP, Dallas, TX, Michael C. McCrea, Michele Anne Mobley, Dubois, Bryant, Campbell & Schwartz, LLP, Elana S. Einhorn, The University of Texas School of Law, Austin, TX, Sam A. Westergren, Corpus Christi, TX, for Respondent.

Justice GREEN delivered the opinion of the Court.

In this case, as in *Frost National Bank v. Fernandez*, 315 S.W.3d 494 (Tex.2010), we hold that Ann M. Fernandez's pleadings, taken as true, were sufficient for the district court to establish Fernandez's standing in a bill of review proceeding asserting inheritance rights relating to the estate of John G. Kenedy, Jr.'s sister. The district court's jurisdiction over Fernandez's heirship claims is exclusive when those claims constitute a direct attack on an earlier district court judgment, the estate has been closed for decades, and the decedent did not die intestate. *Id.* at 505–07 (discussing Texas Probate Code sections 5, 5A, and 48). We therefore reverse the court of appeals' judgment in part. However, because the discovery rule does not apply to inheritance or heirship claims by non-marital children, *see id.* at 512, and Fernandez's claims were barred by the applicable statute of limitations, we render judgment reinstating the district court's judgment that Fernandez take nothing. In light of today's ruling, we conclude that none of Fernandez's claims for heirship or inheritance rights to the Kenedy estate remain viable, so we affirm the part of the court of appeals' judgment that reversed the district court's anti-suit injunction.

We set out the facts in detail in *Frost National Bank*, 315 S.W.3d at 497–502. This appeal arises from Fernandez's bill of

review proceeding in the 105th District Court of Nueces County seeking to assert inheritance rights to the estate of Kenedy's sister, Sarita Kenedy East. East's 1960 will left most of her estate to The John G. and Marie Stella Kenedy Memorial Foundation and contained a residual clause under which the Foundation was the only beneficiary. In her bill of review proceeding, Fernandez seeks to set aside a June 26, 1975 judgment probating East's will. *See Trevino v. Turcotte*, 564 S.W.2d 682, 690 (Tex.1978) (affirming district court's 1975 judgment dismissing certain individuals from a suit contesting East's 1960 will). By 1987, East's property had been finally distributed and the estate closed. Fernandez now asserts that she is Kenedy's non-marital child and, therefore, East's niece. She claims she was a necessary party and should have been notified of a suit contesting East's will (the *Trevino* will contest) and made a party to the resulting settlement agreement, she seeks to set aside the 1975 judgment and East's 1960 will, and she seeks an accounting and distribution from the Foundation.

The district court granted summary judgment in favor of the Foundation and issued an anti-suit injunction preventing Fernandez from taking any action in any court inconsistent with its judgments, including any attempt to reopen East's estate, establish a right to inherit from East's estate, set aside East's will, or recover an interest in property distributed from East's estate to the Foundation. The court of appeals reversed, holding that the probate court had dominant jurisdiction over the question of Fernandez's heirship, the resolution of which it held necessary to determine Fernandez's standing to pursue the *Trevino* bill of review. *Fernandez v. The John G. & Marie Stella Kenedy Mem'l Found.*, 315 S.W.3d 542, 543 (Tex. App.-Corpus Christi 2008, pet. granted) (mem. op.). Consequently, the court of appeals remanded the case for the district court's abatement. *Id.* at 544. The court of appeals also reversed the anti-suit injunction and rendered judgment against the Foundation on its request for injunctive relief. *Id.* at 545.

■ In *Frost National Bank*, we held that the district court had jurisdiction to render summary judgment in Fernandez's *Humble Oil* bill of review proceeding involving Kenedy's estate. 315 S.W.3d at 496. We first held that Fernandez's pleadings-in which she alleged that she is Kenedy's non-marital child-taken as true, were sufficient to establish Fernandez's standing. *Id.* at 503. This case is no different. In the *Trevino* bill of review, Fernandez pled that she is Kenedy's non-marital child, the Foundation asked the district court to assume paternity for purposes of its summary judgment motion, and Fernandez did not object to that request. We therefore conclude, as we did in *Frost National Bank*, that Fernandez's pleadings conferred standing. *See id.* at 503.

■ We next held in *Frost National Bank* that because Fernandez's claims were a direct attack on an earlier district court judgment, the district court had exclusive jurisdiction to determine Fernandez's standing, including resolving Fernandez's heirship claims. *Id.* at 504. The Texas Probate Code does not vest the probate court with jurisdiction when there was no open or pending estate to which an heirship proceeding would be incident, and when the decedent left a will that disposed of all her property and the estate was fully administered and closed decades ago pursuant to a district court judgment. *Id.* at 505–07 (discussing sections 5, 5A, and 48 of the Texas Probate Code). Again, we see no reason to depart from that conclusion in this case. The 1975 judgment ordered

that East's 1960 will and second codicil "not be set aside" and "upheld and confirmed" those instruments as East's last will and testament. The parties do not dispute that East's 1960 will and second codicil disposed of all her property or that the estate was fully administered and closed decades ago. Because there was no open or pending estate and, with that 1975 judgment in effect, no possibility of intestacy, the district court had exclusive jurisdiction over Fernandez's inheritance claims relating to East's estate, including Fernandez's heirship claims. Accordingly, we reverse the part of the court of appeals' judgment that remanded the case to the district court for abatement.

█ The discovery rule does not apply to bills of review in which non-marital children seek to set aside probate judgments. *Id.* at 497. When an heirship claim is brought after an administration of the decedent's estate or a conveyance of the decedent's property to a third party, courts have applied the four-year residual limitations period of Texas Civil Practice and Remedies Code section 16.051. *See, e.g., Cantu v. Sapenter,* 937 S.W.2d 550, 552 (Tex.App.-San Antonio 1996, writ denied); *Smith v. Little,* 903 S.W.2d 780, 787–88 (Tex.App.-Dallas 1995), *rev'd in part on other grounds,* 943 S.W.2d 414 (Tex.1997). Under any conceivable accrual date, the four-year statute of limitations ran well before Fernandez first asserted claims to the East estate. Fernandez conceded that, absent application of the discovery rule, her claims are time-barred. Because the four-year residual limitations period expired long before Fernandez filed her bills of review, we reinstate the district court's summary judgment. *See Placencio v. Allied Indus. Int'l, Inc.,* 724 S.W.2d 20, 22 (Tex.1987) (recognizing that, to avoid unnecessary delay, we may consider issues of law rather than remanding them to the court of appeals); *Malooly Bros., Inc. v. Napier,* 461 S.W.2d 119, 121 (Tex.1970) (recognizing that we can affirm a trial court's judgment on a single valid ground); TEX. R. APP. P. 60.2(c) ("The Supreme Court may ... reverse the lower court's judgment in whole or in part and render the judgment that the lower court should have rendered.").

In *Frost National Bank,* we affirmed the portion of the court of appeals' judgment that reversed the anti-suit injunction. *Id.* at 512. Here, because we do not foresee a continuing threat of Fernandez resuming this litigation in other courts, we likewise affirm the portion of the judgment relating to the anti-suit injunction and denial of the Foundation's request for injunctive relief. *See Univ. of Tex. v. Morris,* 162 Tex. 60, 344 S.W.2d 426, 429 (1961) (recognizing that this Court is not constrained to the trial court record at the time an injunction was issued when events subsequent to the issuance of an anti-suit injunction "render the cause for injunctive relief entirely moot or academic"); *see also Gannon v. Payne,* 706 S.W.2d 304, 307 (Tex.1986) ("The circumstances of each situation must be carefully examined to determine whether the [anti-suit] injunction is required to prevent an irreparable miscarriage of justice.").

For the reasons expressed above and in *Frost National Bank v. Fernandez, id.* at 512, we reverse the portions of the court of appeals' judgment that relate to jurisdiction and abatement, render judgment reinstating the district court's summary judgment that Fernandez take nothing, and affirm the portion of the court of appeals' judgment that relates to the anti-suit injunction.

Justice O'NEILL and Justice GUZMAN did not participate in the decision.