*Sanders v. McKnight*, No. 472-8-14 Wncv (Teachout, J., Aug. 28, 2017).
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

| | |
|---|---|
| **SUPERIOR COURT** | **CIVIL DIVISION** |
| **Washington Unit** | **Docket No. 472-8-14 Wncv** |

**JOHN SANDERS**
    **Plaintiff**

    **v.**

**NICHOLAS MCKNIGHT SANDERS**
    **Defendant**

## DECISION
### Defendant's Motion for Injunctive Relief and Attorney Fees (Motions 13 &14)

Defendant Nicholas Sanders (Son) seeks a permanent anti-suit injunction against Plaintiff John Sanders (Father) preventing him from further pursuing litigation in California over title to the Vermont property that is the subject of this partition case. Son also seeks attorney fees under the exception to the American Rule for bad faith litigation conduct.

The court earlier determined that Father and Son own the property as tenants-in-common after Father's ex-wife conveyed her interest to Son. Ex-wife then was dismissed as a defendant from this case. Partition proceedings are ongoing.

Son has alleged that Father at some point after filing this case initiated litigation in an unidentified California family court in an effort at establishing that he holds title to the Vermont property exclusively, notwithstanding this court's determination of that matter otherwise. Son then sought an anti-suit injunction to halt the California litigation.

The court granted Son's motion for an injunction on a temporary basis on May 25, 2017. It was then extended pending a final hearing on August 24, 2017. After considering the matter further, the court declines to extend the injunction any further and dissolves it now.

Anti-suit injunctions constrain the conduct of the parties to the injunction by making their extra-state conduct sanctionable, but they do not control "the second court's actions regarding litigation in that court." *Baker by Thomas v. General Motors Corp.*, 522 U.S. 222, 236 (1998). "[C]onsiderations of respect for the concurrent jurisdiction of another sovereign have induced a . . . restrictive view of the availability of the injunctive remedy among the better-reasoned state court decisions on the subject." *Auerbach v. Frank*, 685 A.2d 404, 408 (D.C. 1996). "The party seeking the injunction must show that 'a clear equity demands' the injunction. 'A single parallel proceeding in a foreign forum, however, does not constitute a multiplicity nor does it, in itself create a clear equity justifying an anti-suit injunction.'" *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996).

There is no compelling basis for an injunction in this case. It is not even clear that Son is

a defendant in any California case. Son represents only that he has never been served in the California case. He does not assert that he is a named defendant in any such case or that the California court could possibly have personal jurisdiction over him. He also alleges that the case is filed in a California *family* court, implying that Father's ex-wife, not Son, may be the defendant there. The court does not know. Son has filed none of the pleadings in the California case here, he has not described the California litigation in any detail, and ex-wife is no longer a party to this case.

Moreover, the dispute over title arose because Father and his ex-wife divorced in California without distributing their marital assets. Ex-wife later conveyed her interest in the Vermont property to Son. Father has alleged that Son made unkept promises about allowing Father to encumber the property. In determining that the conveyance to Son was legally valid, the court expressly declined to address whether Father might have any rights left to press against his ex-wife arising out of his California divorce or whether he might have any rights to press against Son due to alleged "promises." It is simply not clear that whatever may be filed in the California family court is duplicative, vexatious, or advanced for an improper purpose.

Finally, the court perceives nothing so extraordinary that would induce it to intervene in a proceeding pending in a court of another state. If appropriate, Son's objections to the California suit may be presented to that court for its consideration. No "clear equity" demands the injunction Son seeks from this court.

The request for attorney fees also is denied. See *Monahan v. GMAC Mortg. Corp.*, 2005 VT 110, ¶¶ 75–82, 179 Vt. 167 (discussing Vermont law on the equitable exception in detail). As explained in *Monahan*, an equitable deviation from the American Rule applies only in "exceptional cases and for dominating reasons of justice." *Id.* ¶ 76. Typically, that requires a wholly unnecessary vexatious *second* round of litigation. Here, Son seeks fees incurred in this case, the first round of litigation, because, he asserts, he has attempted to resolve the controversy efficiently and inexpensively while Father has engaged in "on-going and specious actions." Father, who has prosecuted this case pro se, may not have done so in the most efficient manner. However, he has not been found to have violated Rule 11 and Son describes no conduct of such a character as to warrant fees otherwise.


ORDER

For the foregoing reasons, Defendant's motion for injunctive relief and attorney fees is denied. The anti-suit injunction is hereby dissolved.

Dated at Montpelier, Vermont this 28th day of August 2017.


_____
Mary Miles Teachout
Superior Judge


2