Judy Ann Hausman CALLAHAN, Individual-
ly and as Next Friend of Marilyn
Sue Hausman, Appellants,

v.

Louis W. LIPSCOMB, Temporary Adminis-
trator of the Estate of Mae H. Haus-
man, Deceased, Appellee.

No. 14557.

Court of Civil Appeals of Texas
San Antonio.

Feb. 15, 1967.

Rehearing Denied March 15, 1967.

Foster, Lewis, Langley, Gardner & Hawn, San Antonio, for appellants.

H. Gordon Davis, San Antonio, for appellee.

KLINGEMAN, Justice.

This is an appeal from the order of the trial court granting a temporary injunction restraining appellants from (1) conveying, selling, or in any way encumbering, or permitting the conveyance, sale or encumbrance of any property belonging to Pobrecito, Inc., or withdrawing any money from any bank account thereof; (2) disposing of any real or personal property situated at 625 Morningside Drive, San Antonio, Texas; (3) permitting the sale or transfer of any·capital stock of Pobrecito, Inc., or the change of the capital structure thereof. Such order of the court was entered on July 12, 1966, a period of more than six months prior to the hearing on this appeal. Appellee is the duly appointed and acting temporary administrator of the estate of Mae H. Hausman, deceased, and appellants are daughters of Mae H. Hausman and Monroe E. Hausman. It appears from the record that appellee was appointed temporary administrator of the estate of Mae H. Hausman until final determination of a pending will contest filed by appellants to an application to probate the will of Mae H. Hausman filed by Mae Janet Gunnell Hamilton, another daughter of Mae H. Hausman, and a beneficiary and independent executrix under such will. Appellee alleged in his sworn petition that appellants had in their possession or control various properties of the estate of Mae H. Hausman, and asked that appellants be restrained from making any disposition of any of such property, pending adjudication of the rights and entitlement of the estate thereto, so as to prevent irreparable injury and loss to the beneficiaries of said estate. Appellants denied that they had in their possession or control any of the property of such estate, and contended that the granting of a temporary injunction would destroy

the right of appellants to carry on their own affairs with their own property.

In reviewing an order granting a temporary injunction, the sole function of the appellate court is to determine whether the trial court clearly abused its discretion in granting such injunction; an appellate court has no independent discretion and may not substitute its discretion for that of the trial court. The trial court has broad discretion in determining whether to issue a temporary injunction to preserve the rights of parties pending final trial of the case on the merits, and where such discretion is exercised the trial court order should not be disturbed on appeal, unless the record discloses a clear abuse of discretion. *Texas Foundries v. International Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460 (1932); *Railroad Commission v. Shell Oil Co.*, 146 Tex. 286, 206 S.W.2d 235 (1947).

The purpose of the issuance of a temporary injunction is to preserve the status quo in regard to the matter in controversy or prevent irreparable injury or damage to applicant, pending final determination of the case on its merits. *Janus Films, Inc. v. City of Fort Worth*, 163 Tex. 616, 358 S.W.2d 589 (1962); *Godley v. Duval County*, Tex.Civ.App., 361 S.W.2d 629, no writ.

Where the pleadings and the evidence present a case of probable right and probable injury, the trial court is clothed with broad discretion in determining whether to issue writ of temporary injunction, and its order thereon will be reversed only on a showing of clear abuse. There is no abuse of discretion in issuance of writ of temporary injunction if petition alleges a cause of action, and evidence adduced tends to sustain it. *Transport Co. of Texas v. Robertson Transports*, 152 Tex. 551, 261

S.W.2d 549 (1953); *Coastal Bend Milk Producers Ass'n v. Garcia*, Tex.Civ.App., 368 S.W.2d 260, no writ; *Miller v. Texsteam Corp.*, Tex.Civ.App., 327 S.W.2d 465, no writ.

Appellee contends and there is supporting evidence in the record that Pobrecito, Inc., was formed at least in part out of community assets of the decedent, Mae H. Hausman, and her husband, Monroe E. Hausman, and that the estate of Mae H. Hausman has certain property rights and interests in Pobrecito, Inc. There is also testimony as to substantial advances or gifts made by Monroe E. Hausman to appellants during the marriage of Mae H. Hausman and Monroe E. Hausman, which from the record may or may not have been in fraud of the rights of the said wife, Mae H. Hausman. There is also evidence that appellants are authorized to write checks and draw on the bank account of Pobrecito, Inc., which withdrawals could cause loss and injury to the ultimate beneficiaries of the estate of Mae H. Hausman in the event that it is finally determined that such estate has property rights and interests in Pobrecito. While the evidence as to these matters is conflicting, these are matters to be determined upon a trial on the merits, and cannot be determined upon a hearing relating to the wisdom or necessity of issuing a status quo order. "Deliberate action is essential for the accurate determination of legal rights and upon occasion this can be secured only by issuing a temporary decree protecting a status quo." *Southwest Weather Research, Inc. v. Jones*, 160 Tex. 104, 327 S.W.2d 417 (1959).

We have carefully considered the complete record in this case and cannot say that the trial court abused its discretion in granting such temporary injunction.

The judgment is affirmed.