**Reversed and Rendered and Memorandum Opinion filed March 16, 2021.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00930-CV

## ELAINE T. MARSHALL, EDWARD ALEXANDER, ADAM JOHNSON, WAYNE THOMPSON, LILYNN CUTRER, AND KAREN AUCION, Appellants

## V.

## PRESTON MARSHALL, Appellee

### On Appeal from the Probate Court No. 4
### Harris County, Texas
### Trial Court Cause Nos. 365,053 & 365,053-404

## MEMORANDUM OPINION

The original trustee and five co-trustees of two trusts appeal the trial court's order granting a temporary injunction preventing the co-trustees from receiving compensation, disposing of trust assets, and participating in litigation against the beneficiary. We hold that the trial court abused its discretion by granting the injunction in the absence of evidence of an imminent and irreparable injury or a

need for an anti-suit injunction. Accordingly, we reverse the trial court's order and render a judgment denying the application for a temporary injunction.

## I.     BACKGROUND

Preston Marshall is a beneficiary of two inter vivos trusts settled by his late father: the Harrier Trust and the Falcon Trust. Preston's mother, Elaine Marshall, is the trustee of each trust. The trust instruments provide that the trustee is entitled to reasonable compensation. The trusts are governed by the Louisiana Trust Code, and the trustee "shall apply to the 14th Judicial District Court for Calcasieu Parish, Louisiana, for instructions regarding any questions that might arise regarding administration of the Trust."

The Harrier trust is a principal beneficiary of another trust, the EPM Marital Income Trust, for which Elaine is also a trustee. As discussed in this court's prior opinion, Elaine took actions to merge the Marital Income Trust into another trust in Wyoming. *See Marshall v. Marshall*, No. 14-18-00094-CV, 2021 WL 208459, at *2–3 (Tex. App.—Houston [14th Dist.] Jan. 21, 2021, no pet. h.) (mem. op.).

After Preston sued Elaine in the Harris County Probate Court for an accounting and other claims, she appointed the five other appellants in this case as co-trustees of the Harrier and Falcon Trusts. The appointment and acceptance documents describe a compensation scheme for the co-trustees that is based on, in part, the gross trust receipts of the trusts and the value of the trusts' interests in the Marital Income Trust.

Elaine then filed a petition for declaratory relief in the 14th Judicial District Court for Calcasieu Parish, Louisiana, requesting the court declare, among other things, that (1) the co-trustees were properly appointed as co-trustees of the Harrier Trust, and (2) a Wyoming judgment regarding the Marital Income Trust is "entitled

2

to full faith and credit and that the Trustees of the Harrier Trust be and are bound thereby." Elaine moved for a partial summary judgment regarding the first declaration.[1]

In his original petition in this case, Preston applied for a temporary injunction to prohibit the co-trustees from exercising powers, obligations, responsibilities, and rights to compensation from the trusts. The co-trustees filed a special appearance and a general denial subject to the special appearance. Their attorney appeared at the temporary injunction hearing subject to the special appearance.[2]

After the hearing, the trial court signed an order granting the temporary injunction along with findings of fact and conclusions of law. The court enjoined the co-trustees from taking the following actions:

- Receiving compensation in accordance with the December 2016 Appointment Documents;

- Taking any action that could affect the Harrier and Falcon Trust assets, including but not limited to transferring, selling, offering for sale, encumbering, or pledging the trust assets;

---

[1] Ultimately, the Louisiana trial court granted the motion, and the court of appeals affirmed. *See In re Harrier Trust*, 264 So. 3d 526, 530, 536 (La. Ct. App. 2019). The co-trustees moved this court to take judicial notice of the existence and contents of the Louisiana trial court's judgment, contending that the judgment is germane to the co-trustees' challenge to certain findings in this appeal regarding personal jurisdiction over the co-trustees. We do not address those findings because they are unnecessary to the appeal. *See* Tex. R. App. 47.1. To the extent the co-trustees suggest the Louisiana court's judgment should be considered as evidence that was not before the trial court when ruling on the temporary injunction, their motion is denied. *See Freedom Commc'ns, Inc. v. Coronado*, 372 S.W.3d 621, 623 (Tex. 2012) ("As a general rule, appellate courts take judicial notice of facts outside the record only to determine jurisdiction over an appeal or to resolve matters ancillary to decisions which are mandated by law . . . ." (quotation omitted)); *cf. WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 459 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (refusing to take judicial notice of a prior lawsuit to satisfy burden of proof in the trial court for res judicata).

[2] The trial court denied the special appearance, and this court has affirmed the ruling in a separate opinion issued in Case No. 14-18-00425-CV.

- Attempting to circumvent this Court's jurisdiction over the Harrier and Falcon Trust by 1) seeking validation of the compensation provisions set out in the December 2016 Appointment Documents in any other court; and 2) seeking a determination that the rulings in Wyoming with respect to such Trusts are entitled to full faith and credit; [and]

- Assisting Mrs. Marshall in any litigation against Preston Marshall concerning the Harrier and Falcon Trusts.

Elaine and the co-trustees appeal.

## II.    ANALYSIS

In their dispositive issues on appeal, the co-trustees contend that the trial court abused its discretion by rendering (1) an impermissible anti-suit injunction and (2) an injunction in the absence of evidence of probable, imminent, and irreparable harm. Preston responds that the co-trustees waived any complaint that the injunction is an anti-suit injunction, the injunction is necessary to protect the trial court's jurisdiction, and the injunction is supported by evidence of irreparable harm.

## A.    General Principles and Standard of Review

A temporary injunction's purpose is to preserve the status quo of the litigation's subject matter pending a trial on the merits. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A temporary injunction is an extraordinary remedy and does not issue as a matter of right. *Id.* To obtain a temporary injunction, the applicant must plead and prove three elements: (1) a cause of action against the defendant; (2) a probable right to the relief sought; and (3) a probable, imminent, and irreparable injury in the interim. *Id.*

This court may reverse an order granting a temporary injunction only if the trial court abused its discretion. *Id.* A trial court does not abuse its discretion if

4

some evidence reasonably supports the trial court's decision. *Wash. DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 740 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc) (citing *Butnaru*, 84 S.W.3d at 211). But, a trial court has no discretion to grant a temporary injunction without supporting evidence. *See Ron v. Ron*, 604 S.W.3d 559, 568 (Tex. App.—Houston [14th Dist.] 2020, no pet.). We view the evidence in the light most favorable to the trial court's decision. *Wash. DC Party Shuttle*, 406 S.W.3d at 740.

## B. No Waiver

Generally, a party must preserve error as a prerequisite to presenting a complaint for appellate review. *See* Tex. R. App. 33.1(a). But, in a civil nonjury case, a complaint regarding the legal or factual insufficiency of the evidence may be made for the first time on appeal in the complaining party's brief. Tex. R. App. 33.1(d). The co-trustees contend that their complaints fall within this category of error for which preservation is not required. We agree.

We must construe the brief liberally and reasonably so the right to appeal is not lost by waiver. *Lion Copolymer Holdings, LLC v. Lion Polymers, LLC*, 614 S.W.3d 729, 732 (Tex. 2020). We hesitate to resolve cases based on procedural defects and instead endeavor to resolve cases on the merits. *Id.* We look to the wording of the issues and the arguments under each heading to assess the intent of the parties. *See id.*

The co-trustees argue in their brief that there is "no legal or factual support" and the "facts do not support" the anti-suit injunction. The co-trustees contend that there is "no evidence" of a probable, imminent, and irreparable harm. The co-trustees detail how the evidence presented at the temporary injunction hearing does not support the trial court's findings or the legal requirements for a temporary

5

injunction. We construe these arguments as challenges to the sufficiency of the evidence to support the trial court's temporary injunction. *See id.*

Preston's authorities are procedurally distinct and do not command a different result. The first case, *Ford v. Ruth*, involved a direct attack on a default judgment that granted a permanent injunction. *See* No. 03-14-00460-CV, 2016 WL 1305209, at *2 (Tex. App.—Austin Mar. 31, 2016, pet. denied) (mem. op.). Noting that the appellants did not file any pleadings in the trial court or a motion for new trial or bill of review, the Austin Court of Appeals held that the defendants' complaints about venue and the overbreadth of the permanent injunction were ones that had to be preserved. *See id.* In *Ford*, because the defendants filed no answer, the plaintiff had no burden to prove its entitlement to a permanent injunction, which is not a claim for unliquidated damages. *See Siddiqui v. West Bellfort Prop. Owners Ass'n*, 819 S.W.2d 657, 658–59 (Tex. App.—El Paso 1991, no writ) (no error to grant permanent injunction by default without a statement of facts because a permanent injunction is not a claim for unliquidated damages); *see also Dolgencorp of Tex., Inc. v. Lerma*, 288 S.W.3d 922, 930 (Tex. 2009) (noting that a defendant's failure to answer means the defendant admits all facts properly pled in the petition). But here, the co-trustees answered with a general denial, so Preston was required to offer evidence and prove all aspects of his claim. *See Dolgencorp*, 288 S.W.3d at 930.[3]

In Preston's second case, *Snell v. Spectrum Association Management L.P.*, the San Antonio Court of Appeals held that a defendant who "affirmatively agreed

---

[3] Moreover, this court has addressed overbreadth issues without requiring error preservation. *See Ron v. Ron*, 604 S.W.3d 559, 577 & n.22 (Tex. App.—Houston [14th Dist.] 2020, no pet.) (noting that a party "does not waive its complaint to an overly broad temporary injunction at the temporary injunction hearing" by not raising the argument in the trial court (quoting *Kaufmann v. Morales*, 93 S.W.3d 650, 655 n.2 (Tex. App.—Houston [14th Dist.] 2002, no pet.))).

to the injunction" could not complain on appeal about the lack of an evidentiary hearing for an anti-suit injunction. *See* No. 04-10-00285-CV, 2010 WL 3505139, at *1, *4 (Tex. App.—San Antonio Sept. 8, 2010, no pet.) (mem. op.). But the court held that a party who did not appear at the hearing and did not agree to the temporary injunction could complain about the lack of an evidentiary hearing. *See id.* at *3. Here, the co-trustees did not affirmatively agree to the injunction, so they have not waived challenges to the legal or factual support for the trial court's order.

## C. Error to Issue Anti-Suit Injunction

The principle of comity requires that courts exercise the power to enjoin foreign suits "sparingly, and only in very special circumstances." *Golden Rule Ins. Co. v. Harper*, 925 S.W.2d 649, 651 (Tex. 1996) (quoting *Christensen v. Integrity Ins. Co.*, 719 S.W.2d 161, 163 (Tex. 1986)). An anti-suit injunction may be appropriate to (1) address a threat to the court's jurisdiction, (2) prevent the evasion of important public policy, (3) prevent a multiplicity of suits, or (4) protect a party from vexatious or harassing litigation. *Id.* The party seeking the injunction must show that a clear equity demands the injunction. *Id.* A single parallel proceeding in a foreign forum does not constitute a multiplicity of suits, nor does it by itself create a clear equity justifying an anti-suit injunction. *Id.*

Here, the trial court found that the Louisiana lawsuit is a threat to its jurisdiction and that Texas statutory probate courts are required to protect their jurisdiction so their rulings will not be rendered nullities by competing litigation. This finding is not supported by the law or evidence.

Preston notes that statutory probate courts have exclusive jurisdiction over all probate proceedings. *See* Tex. Estates Code § 32.005(a). However, this case and the Louisiana case involve inter vivos trusts, for which there is no exclusive jurisdiction in the statutory probate court. *See* Tex. Estates Code § 32.007(a)(2)–

7

(3).  Preston relies on *London Market Insurers v. American Home Assurance Co.*, 95 S.W.3d 702 (Tex. App.—Corpus Christi 2003, no pet.), in which a divided court of appeals upheld an anti-suit injunction when the first-filed suit was in Texas and the other suit in New York involved insurance coverage issues under the same policies.  *See id.* at 707–08.  The court held that there was evidence to support the trial court's finding that very special circumstances existed for an anti-suit injunction because the insurers violated a service-of-suit clause by filing a parallel proceeding in New York.  *See id.* at 710; *see also Am. Int'l Specialty Lines Ins. Co. v. Triton Energy, Ltd.*, 52 S.W.3d 337, 341–43 (Tex. App.—Dallas 2001, pet. dism'd w.o.j.) (special circumstances for anti-suit injunction existed because second-filed suit violated service-of-suit provision of insurance policy).

Here, however, there is no special circumstance or clear equity to prevent a Louisiana court from determining issues related to inter vivos trusts that are governed by Louisiana law and that require the trustee to petition a Louisiana court for instructions regarding any questions that might arise regarding their administrations.  Any suit in Louisiana by the co-trustees to determine the effect of the Wyoming court's rulings would apply only to the Harrier and Falcon trusts.  This single parallel proceeding brought by some of the co-trustees in Louisiana, consistent with the trusts' requirements that the co-trustees file suit in Louisiana, cannot justify issuing an anti-suit injunction.  *See Golden Rule*, 925 S.W.2d at 651–52.  Even if there are overlapping or identical issues, the Louisiana suit does not create a miscarriage of justice.  *See id.*

Accordingly, the trial court erred to enjoin the co-trustees from litigating matters related to the Harrier and Falcon trusts in any other court.

**D. No Evidence of Probable, Imminent, and Irreparable Injury**

An injury is irreparable if the injured party cannot be adequately compensated in damages or if the damages cannot be measured by any certain pecuniary standard. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 204 (Tex. 2002). A party can rarely establish an irreparable injury and an inadequate legal remedy when damages are available. *See id.* at 211. On the other hand, for example, disputes over the right to purchase unique real property may justify a finding that harm would be irreparable. *See id.*

Here, the trial court found that the Harrier Trust held assets that are unique and irreplaceable. Preston adduced evidence that the trusts hold stock in Trof, Inc., which in turn holds units of Ribosome—a family limited partnership—which in turn holds stock and membership units of Koch Industries, Inc. and Koch Holdings, LLC. Preston testified that the assets held by the Harrier Trust are unique and irreplaceable. Although the co-trustees had been paid sums certain from the trust, those funds were deposited into the registry of the court in Louisiana. Preston had no knowledge of any co-trustees transferring any assets of the trusts. And there was no evidence that the co-trustees had taken any action or planned to take any action to transfer, sell, or dispose of any unique and irreplaceable assets of the trust. Elaine testified that the co-trustees had not made any attempt to gain access to the Ribosome certificates. Under these circumstances, a temporary injunction is not proper because the claimed injury to unique assets is merely speculative; fear of injury is not sufficient. *See Wash. DC Party Shuttle, LLC v. IGuide Tours*, 406 S.W.3d 723, 742 (Tex. App.—Houston [14th Dist.] 2013, pet. denied) (en banc).

Moreover, Preston's expert testified about the amount of fees that would be owed to the co-trustees in the future and agreed that the fees were mathematically

9

calculable and determinable by a pecuniary measure in simple terms. Preston testified similarly that the fee could be mathematically calculated. Thus, any injury based on payment of the fees alone is insufficient to support a temporary injunction because damages are an adequate legal remedy. *See Reach Group, L.L.C. v. Angelina Group*, 173 S.W.3d 834, 838 (Tex. App.—Houston [14th Dist.] 2005, no pet.).

The trial court also found that Preston had no adequate remedy because there was "no evidence that the Co-Trustees can answer in damages." This finding reverses the burden of proof. To the extent Preston sought to establish that the co-trustees were insolvent and thus could not satisfy a judgment, it was Preston's burden to adduce some evidence to support the claim. *See Pharaoh Oil & Gas, Inc. v. Ranchero Esperanza, Ltd.*, 343 S.W.3d 875, 884 (Tex. App.—El Paso 2011, no pet.) (noting that an injury may be irreparable if the defendant is insolvent, but reasoning that the burden was on the party seeking the injunction to prove insolvency); *cf. Wash. DC Party Shuttle*, 406 S.W.3d at 742 ("[T]he burden is on the applicant to prove that the damages cannot be calculated, not for the opposing party to disprove the notion.").

Preston's authorities—cited for the proposition that a court may grant a temporary injunction to stop the depletion of trust assets—are distinguished on their facts. In *Minexa Arizona, Inc. v. Staubauch*, 667 S.W.2d 563 (Tex. App.—Dallas 1984, no writ), the fiduciaries had improperly dissipated most of the funds in a trust and engaged in various corporate transactions to transfer assets out of the country, such that the funds were at risk of being unavailable to pay a judgment. *See id.* at 567–68. In *Twyman v. Twyman*, No. 01-08-00904-CV, 2009 WL 2050979 (Tex. App.—Houston [1st Dist.] July 16, 2009, no pet.) (mem. op.), the trustee withdrew money for her personal use and then executed an unsecured

10

promissory note to the trust only after the plaintiff's lawyers demanded an accounting; and she failed to repay any money on the note and attempted to extend the terms of the note. *Id.* at *5. The temporary injunction in *Callahan v. Lipscomb*, 412 S.W.2d 346 (Tex. App.—San Antonio 1967, writ ref'd n.r.e), related to unique assets, such as stock of a corporation that was formed out of community property of the decedent, the corporation's assets, and real and personal property that stood to be inherited in a probate proceeding. *See id.* at 347–48.

Here, the only evidence about what the trustees had done with fees was that they had placed the fees into a court's registry to await a judicial determination. And as discussed above, there is no evidence that unique assets of the trusts are in imminent danger of being dissipated.

Accordingly, the trial court erred by enjoining the co-trustees from receiving compensation and taking any actions that could affect the trusts' assets.

## III.    CONCLUSION

The co-trustees' third and fourth issues regarding the temporary injunction are sustained. We do not reach other issues raised by the co-trustees and Elaine, which are unnecessary to the disposition of the appeal. *See* Tex. R. App. 47.1. The trial court's order granting the temporary injunction is reversed, and we render a judgment denying Preston's application for a temporary injunction.


/s/    Ken Wise
       Justice


Panel consists of Justices Wise, Jewell, and Poissant.

11